**SOUTHERN SURETY CO. v. JAY et al.**

No. 8313—Opinion Filed Nov. 19, 1918.

Rehearing Denied Feb. 4, 1919.

(178 Pac. 95.)

**1. Municipal Corporations—Paving Improvement—Jurisdiction.**

The passage and publication of a preliminary resolution of intention to pave are the acts by which a city council acquires jurisdiction to make such improvement; and, in the absence of such preliminary resolution of intention to pave being adopted and passed as required by law, the council does not acquire jurisdiction to make such improvements and levy an assessment against the property adjacent to such improvement for the payment thereof.

**2. Same—Property Assessable.**

The city council of Muskogee, Okla., made an assessment against all of block 419 to pay for pavment fronting and abutting on the west side of said block. Held, that said city council was without jurisdiction to assess the east half of said block for improvement fronting and abutting on the west half only.

**3. Same—Action to Vacate Special Assessment—Limitations.**

The period of limitation provided in section 644, Rev. Laws 1910, within which an action may be brought to set aside a special assessment made against lots abutting upon a street to pay the cost of paving said street is not applicable as a bar to an action to enjoin the collection of such assessment when the proceedings upon which it is based are void.

(Syllabus by Davis, C.)

Error from District Court, Muskogee County; R. P. DeGraffenreid, Judge.

Action for injunction by Maggie Jay and others against the City of Muskogee, the Southern Surety Company, and others. Judgment for plaintiffs, its motion for new trial overruled, and the Southern Surety Company brings error. Affirmed.

O. L. Rider, for plaintiffs in error.

William Neff and L. E. Neff, for defendants in error.

Opinion by DAVIS, C. This action was begun in the district court of Muskogee county, Okla., by Maggie Jay, T. F. King, and Gertrude B. Hudson, defendants in error, hereinafter referred to as plaintiffs, against the City of Muskogee, a municipal corporation, Charles Wheeler, Jr., city clerk, Connell Rogers, county treasurer and Southern Surety Company, defendants, for the purpose of enjoining the collection of certain special assessments levied against the property of plaintiffs located in block 419 in said city. The purpose of the assessments so levied against the property of plaintiffs in block 419 was to pay for the cost of paving East Side boulevard adjacent to this block.

There are two grounds stated by which the plaintiffs seek to have this assessment set aside. The first ground is that all of the property situated in block 419 is assessed to pay for the paving adjacent to this block, when only the west half of the block was subject to such assessment, if any of the assessment was valid. The second ground is that the entire assessment is void for the reason that there was no preliminary resolution of intention to pave East Side boulevard ever passed by the city council of Muskogee, Okla., and by reason thereof said council never acquired jurisdiction to make any assessment for the improvements adjacent to said property.

The Southern Surety Company was the only defendant that filed an answer or contested the relief sought by plaintiffs. The answer of said company set forth that it was the owner of the special assessment bonds issued to pay for said paving; that the city council of Muskogee, Okla., had jurisdiction to make said assessment, and that said action to obtain the relief sought was not begun within 60 days after the passage of the ordinance making a final assessment to pay said special assessment bonds; that by reason of more than 60 days having elapsed before institution of the action by plaintiff and the passage of the assessment ordinance, the cause was barred by limitation.

On these issues the cause was tried to the court, and a judgment entered in favor of plaintiffs and against defendants. A motion for a new trial was filed by the Southern Surety Company and overruled. From the action of the court in overruling this motion an appeal is prosecuted to this court for the purpose of review.

East Side boulevard extends north and south. The south end begins at the south side of East Okmulgee street and runs north to the south side of Lawrence street. The streets intervening between Okmulgee and Lawrence streets are as follows; Beginning at the south end of the boulevard and running north are Broadway, Callahan, Dayton, Fredonia, Galveston, Houston, Irving, Jefferson, and Kankakee streets. Block 419 is located at the north end of the bouelvard, and on the east side of the street. Block 419 is a platted block divided by an alley running east and west.

The court found that the assessment was made without jurisdiction for the reason that there was no preliminary resolution of intention to pave ever passed by the city council of Muskogee. This finding is supported by the record. Plaintiffs introduced Charles Wheeler, Jr., who was the city clerk, as a witness. The records disclose a resolution adopted and approved on the 16th day of November, 1909. This resolution purports to be based on preliminary resolution of intention to pave, passed and adopted on the 5th day of April, 1909. But the records and evidence conclusively show that no such preliminary resolution was ever passed, and after a diligent search no evidence of any such preliminary resolution of intention to pave could be found. A contract was entered into between the city of Muskogee and the Phoenix Construction Company, a corporation, on the 5th day of January, 1910, for the construction of the improvements described in the resolution adopted and passed on the 16th day of November, 1909, and this contract purports to be based on a preliminary resolution of intention to pave that was adopted and passed on the 5th day of April, 1909. Under this contract the work progressed for a period of some time, when it seems to have been ascertained that no preliminary resolution of intention to pave was ever passed or adopted. There was a preliminary resolution of intention to pave adopted and passed on the 21st day of June, 1909. This was introduced in evidence, and shows that it covered the property located between the south side of Okmulgee street and Irving street. The contract provided for the paving of East Side boulevard between Okmulgee street and Lawrence street, which was four blocks beyond the portion of the street covered by the preliminary resolution of intention to pave that was adopted on the 21st day of June, 1919. When this fact was ascertained and after all of the work had been completed in front of block 419, this defect was attempted to be cured by procuring the signatures of certain property owners living in four blocks that was not included in the preliminary resolution of intention to pave adopted and passed on the 21st day of June, 1909.

It is not even contended here by counsel

for plaintiff in error that there was any preliminary resolution of intention to pave passed and adopted on the 5th day of April, 1909, as set out in the contract with Phœnix Construction Company, or that the preliminary resolution of intention to pave passed on the 21st day of June, 1909, included property located in block 419.

The finding of the trial judge that no preliminary resolution of intention to pave was ever passed or adopted by the city council prior to the work under the contract and the assessment made against the property is fully supported by the record and testimony. Before the city council of Muskogee could acquire jurisdiction to enter into a contract for the improvement of the property in question and make a valid assessment against the property for the payment of such improvement, it was essential that such resolution should have been passed. This question was settled in the case of Arnold et al. v. City of Tulsa et al., 38 Okla., 129, 132 Pac. 669, in an opinion written by Judge Turner. Partridge v. Lucas, 99 Cal. 519, 33 Pac. 1082.

The work having been completed without any jurisdiction being acquired over the property to make any assessment, the attempt to acquire jurisdiction to make assessment by procuring the signatures of a majority of the property owners located in the four blocks not included in the preliminary resolution of intention to pave, adopted and passed on the 1st day of June, 1909, could not operate to give validity to the assessment made for the improvements. The plaintiffs in this action did not sign said petition, and hence did not estop themselves to question the validity of the assessment. McBean v. Redick, 96 Cal. 191, 31 Pac. 7; Fay v. Reed, 128 Cal. 357, 60 Pac. 927.

The assessment was invalid for another reason. The entire block in controversy was assessed to pay for this paving. This the city council was without jurisdiction to do. Even if the assessment was otherwise regular and valid, it could not be enforced against the entire block for improvements on the west side thereof only, but only to the center of the block. M., K. & T. Ry. Co. v. City of Tulsa, 45 Okla. 382, 145 Pac. 398; Flanagan v. City of Tulsa, 55 Okla. 318, 155 Pac. 542.

There is no merit in the contention that the relief sought here is barred by the statute of limitation. This has repeatedly been decided adversely to this contention. Limitation is applicable only when the municipality acquires jurisdiction to make the assessment and the validity of the assessment is attacked for mere irregularity and not upon jurisdictional grounds. Morrow v. Barber Asphalt Co., 27 Okla. 247, 111 Pac. 198; City of Muskogee v. Nicholson, 69 Okla. 273, 171 Pac. 1102.

Finding no errors, we are therefore of the opinion that the judgment should be affirmed, and so recommend.

By the Court: It is so ordered.