### REED v. MARR et al.

No. 20640. Opinion Filed Nov. 17, 1931.

Twyford & Smith, for plaintiff in error.

Biddison, Campbell, Biddison & Cantrell and Everest, Dudley & Brewer, for defendants in error.

KORNEGAY, J. This suit was begun in the district court of Oklahoma county, on the 14th day of May, 1926. The attorneys for the plaintiff were Messrs. Twyford & Smith. The attorney for the defendant was Mr. E. E. Blake. Suit was declared on a county treasurer's certificate of tax sale, as follows:

"County Treasurer's Certificate of Tax Sale No. 5201. State of Oklahoma, County of Oklahoma, ss.

"I, Chas. McCafferty, treasurer of the county of Oklahoma, in the state of Oklahoma, do hereby certify that the following described real estate in said county and state, to wit:

| Description | Sec. | Town | Range | No. Acres | Amount |
|---|---|---|---|---|---|
| Lots 6-7-10- | 1 | 11 | 4w | 202 | $716.35 |
| 11-12-13 and | | | | | .25 |
| SE of NW | | | | | $716.60 |

"Was, on the 4th day of November, 1912, duly sold by me in the manner provided by law for the delinquent taxes for the year 1911, and including interest and penalty thereon, and the cost allowed by law, to F. E. Reed for the sum of seven hundred sixteen & 60/100 Dollars—he being the highest and best bidder for the same.

"And I further certify that unless redemption is made of said real estate in the manner provided by law, the said F. E. Reed or assigns will be entitled to a deed therefor on and after the 4th day of November, A. D. 1914, on surrender of this certificate.

"In witness whereof, I have hereunto set my hand this 4th day of November, A. D. 1912.

"Chas. McCafferty,
"County Treasurer."

The object of the suit was to subject the property to the satisfaction of the lien claimed by virtue of said certificate, with 18 per cent. interest, and amounting to $2,-500 at the time of the suit, and an attorney fee of $250, and there was a prayer for sale by the sheriff of Oklahoma county to satisfy the claim.

A demurrer was filed to this by the executors, because the facts stated were not sufficient to constitute a cause of action, but the demurrer was dismissed for failure to prosecute and an answer was filed which was a general denial, with an admission of the ownership of the property in the testator. The sales certificate was attacked generally and specially. It was claimed that prior to 1911, the testator held a mortgage on the land, and it was foreclosed and he became the purchaser at the sale in the year 1913, and afterwards in a suit of Gertrude Sparrow, L. D. Marr et al. v. George W. Baker, County Treasurer of Oklahoma County, the validity of the tax charged and extended against the land was attacked, and it was held by the court that the tax sale was void, and a perpetual injunction was rendered against the collection of the taxes and the issuance of a tax deed, and that it became final and was not reversed.

The certificate was attacked because it appeared that several tracts were sold for one gross sum, and that in that sum were penalties and interest that could not be included. There was a further allegation that no notice was sent by the county treasurer to the landowner, notifying the owner as to the amount of taxes due. The assessment was attacked as not having been made by authorized officers. It was further claimed that the property was in Mustang township, and that there was no equalization by the officers of said township, and that the county board of equalization did not equalize the valuation during said year, and the amount of taxes was not determined by any lawful officers, and that the fixing of the value of the land at $50,000 was unauthorized and fictitious, and was not made by any authorized officer, and the rate of taxation was not fixed, and the certificate showed sale of land for many times the rate of taxation. The tax roll itself was attacked as being deficient. The advertisements of the sale of the property were attacked as not having been run long enough. The statute of limitations is set up on the tax certificate. The plaintiff informed the court that, in order to make his case, he wanted to show some defect in the proceeding, and for that reason he stipulated that 18 days was the full length of the publication of the delinquent sale instead of 21.

We have examined the entire proceedings. Neither party saw fit to ask anything special in the way of findings, and the plaintiff in error discusses the assignments of error, which are based on overruling the motion for new trial, and entering judgment, and admission of testimony, under two propositions. One is that res adjudicata did not apply because Reed was not a party to the proceedings in which the injunction was had. The other is that the court erred in holding that no cause of action was made out under chapter 12, Session Laws of 1925. Some discussion was had as to the title of the act and the requirements in the proceeding. Plaintiff, to bring himself within the act, relied on the fact that the notice of sale was published only for 18 days, and therefore it was not available as a basis for a valid tax deed, as held by this court in Cadman v. Smith, 15 Okla. 633, 85 P. 346, and Jackson v. Turner, 107 Okla. 167, 231 P. 290. The assertion is ventured that the trial court held that the statute under which the action was brought is unconstitutional, and it is stated that since then, however, this court had, in the case of Langley v. Cox, 135 Okla. 291, 275 P. 638, reversed the trial court's holding that it was unconstitutional, and upheld the constitutionality of the law, and Langley v. Cox is relied on as one ground for reversing the lower court. There does not appear in the record anything that would serve as a guide as to what point was in the mind of the court.

There are several reasons why the judg-

ment should be affirmed. In this case, on its face, the tax sale certificate was barred by limitations. If valid, it conferred upon its holder the right to demand a tax deed November 4, 1914, consequently, in 1925, 11 years had elapsed. Most clearly, the five-year statute, that is general in application, had long since elapsed, and plaintiff's right to get a deed, or enforce a lien, had accrued 11 years before. To say that the Legislature by the act of 1925 had undertaken to give life to certificates that were void to start with and barred by limitations, would be to affirm that the Constitution was not controlling. Section 52, article 5, of the Constitution is as follows:

"Sec. 52. No power to revive or take away right of action. The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."

On the record, the court would not have been warranted in finding for the plaintiff in error. The case is therefore affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, and McNEILL, JJ., concur. RILEY and SWINDALL, JJ., concur in conclusion. ANDREWS, J., absent.