**STITH et al. v. DANA, Ex'r, et al.**

No. 26988.  March 23, 1937.

W. R. Banker, for plaintiffs in error.

Bliss & Bliss, for defendants in error.

CORN, J.  This action was instituted in the district court of Muskogee county by the defendants in error, as plaintiffs, against the plaintiffs in error, as defendants, to enjoin the issuance of a tax deed and to procure the cancellation of a tax sale certificate. As a matter of convenience, we shall refer to the parties as they appeared in the trial court.

The petition of the plaintiffs was filed November 4, 1935, and therein it was alleged that the plaintiffs were the owners of and in the peaceable possession of a certain tract of land situated in Muskogee county; that the defendant J. O. Stith had procured by assignment from Muskogee county and held a certain tax sale certificate dated November 2, 1925, representing a sale of certain lands for the preceding year, but no effort to enforce said tax sale certificate had been made prior to September 6, 1935, at which time the defendant J. O. Stith had notified the plaintiffs that he would within 60 days thereafter apply to John D. Conner, county treasurer of Muskogee county, for a tax deed to the land described in said certificate; that said tax sale certificate was null and void for various reasons, but more particularly for the reason that any lien which the defendant Stith may have acquired thereunder was barred by the statute of limitations, and that the plaintiffs were without an adequate remedy at law. Wherefore they sought cancellation of said tax sale certificate and a perpetual injunction against the issuance of any deed thereunder. Upon this petition the trial court entered a temporary restraining order. The defendants moved to vacate this order, and also demurred to the petition of the plaintiffs. The matter was heard upon the demurrer on January 14, 1936. The plaintiffs dismissed from their petition all grounds of objection to the tax sale certificate except that it was barred by the statute of limitations.

The court overruled the demurrer of the

defendants upon the sole ground that the certificate was so barred. The defendants refused to plead further, and the allegations of plaintiffs' petition, as limited, were taken as confessed, and a judgment was rendered in accordance therewith in favor of the plaintiffs. The defendants appeal. In their brief the defendants say:

"This appeal presents but one question, viz., Is the right of a holder of a tax sale certificate to apply for and obtain a tax deed under the statutory procedure ever barred by any statute of limitation?"

The reason for the court's judgment is in part as follows:

"And the court is of the opinion that by reason of the opinions of the Supreme Court of Oklahoma in the cases of Reed v. Marr, 153 Okla. 85, 5 P. (2d) 135, * * * the said defendant's right so to do (i.e., apply for and issue a tax deed) is barred by the statute of limitations."

The paragraph just quoted is the basis for the judgment of the trial court. The opinion in Reed v. Marr, supra, nowhere points out what statute of limitations is referred to, but uses the term "the five-year statute that is general in application," unquestionably meaning either the first subdivision of section 101, O. S. 1931, which refers to an action upon any contract, agreement, or promise in writing, or the sixth subdivision of the same section, which covers all other causes of action except those for the possession of real property.

It is stated in Reed v. Marr, supra:

"The object of the suit was to subject the property to the satisfaction of the lien claimed by virtue of said certificate, with 18 per cent. interest, and amounting to $2,500, at the time of the suit, and an attorney fee of $250, and there was a prayer for sale by the sheriff of Oklahoma county to satisfy the claim."

Further in the body of the opinion, we find the following language:

"There are several reasons why the judgment should be affirmed. In this case, on its face, the tax sale certificate was barred by limitations. If valid, it conferred upon its holder the right to demand a tax deed November 4, 1914; consequently, in 1925, 11 years had elapsed. Most clearly, the five-year statute, that is general in application, had long since elapsed, and plaintiff's right to get a deed, or enforce a lien, had accrued 11 years before."

The Code on taxation did not on November 2, 1925, nor has it at any time since that date, contained any limitation upon the time within which the holder of a tax sale cer-

tificate could apply for and obtain the issuance of a tax deed based thereon. We have examined all of the statutory provisions relating to tax sale certificates of the character involved herein. Nowhere is a limitation of any character mentioned.

It will be noted that the allegation of plaintiffs' petition is that "the defendant's right, if any he ever had, was and had been long since barred by the statutes of limitations." No statute of limitations is pointed out in plaintiffs' petition as being applicable, and no specific statute of limitations is pleaded. Nor did the court, in its findings and judgment, as contained in the journal entry of judgment, indicate by what statute of limitations the right of defendant to obtain a tax deed was barred.

Since there is no special statute of limitations applicable, we make search to ascertain if any of the general statutes will apply. These are all found in chapter 2, article 1 of the 1931 Code, entitled "Limitation of Actions." Every limitation prescribed by that article is a bar to an action or actions. None bar proceedings other than actions.

Section 9, O. S. 1931, defines an action:

"An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

The proceeding enjoined by the judgment of the court in the case at bar was in no sense an action within the terms of that statute, for it was not a proceeding in a court of justice. The defendant Stith was proceeding under the statute, to serve his notices of application for a tax deed, and upon redemption not being made, to apply to the treasurer, as provided by the statute, for the issuance to him of a tax deed. It is, therefore, manifest that none of the statutes of limitations above referred to are applicable to the facts in this case and cannot bar the defendants from applying for and issuing a tax deed.

The determinative statute is section 12759, O. S. 1931, which prescribes the right and method of obtaining a tax deed. That statute says the certificate holder may serve his notices and apply for his deed "if no person shall redeem such lands within two years, at any time after the expiration thereof. * * *" We are, therefore, of the opinion that no limitation was either specifically or impliedly intended to apply and that none is to be found in the statutes.

The holding in Reed v. Marr, supra, that a tax sale certificate is barred by the statute of limitations is specifically overruled.

Judgment reversed, with directions to the trial court to set aside judgment rendered in favor of plaintiffs; to sustain defendants' demurrer to the petition, and to dismiss plaintiffs' cause of action.

BAYLESS, V. C. J., and RILEY, WELCH, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and BUSBY and PHELPS, JJ., absent.