BAUM v. CITY OF OKLAHOMA CITY et al.

No. 30619. May 26, 1942.

126 P. 2d 249.

Lee G. Gill, of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, Leon Shipp, Asst. Municipal Counselor, and Twyford & Smith, all of Oklahoma City (Swank & Swank, of Stillwater, of counsel), for defendants in error.

PER CURIAM. This action was instituted by Rebecca Semple Baum, hereinafter referred to as plaintiff, against the city of Oklahoma City, a municipal corporation, and its mayor and councilmen, hereinafter referred to as defendants, to permanently enjoin them from proceeding further with a certain street improvement district.

The plaintiff in her petition alleged, in substance, that she was the owner of a certain parcel of property which abutted on a portion of Kelly avenue which had not theretofore been paved; that defendants had by resolution proceeded to create a street improvement district in which the property of plaintiff was included; that in so doing defendants were acting without authority of law, since they could proceed only by resolution where repavement of a street, avenue,

alley, or lane was involved. Plaintiff further alleged that her property was in danger of being encumbered by liens for unlawful improvements and that she was without remedy at law, and therefore prayed permanent injunction.

Separate demurrers of the respective defendants were sustained to said petition. The plaintiff elected to stand upon her petition, whereupon the same was dismissed and judgment entered for costs in favor of the defendants. Plaintiff appeals from the order and judgment so entered.

The construction which should be given to 11 O. S. 1941 § 83, is the issue which we are here called upon to decide. The pertinent portion of said section reads as follows:

"When the governing body of any city or town shall deem it necessary to pave, construct, macadamize, chat or gravel, curb, gutter, drain, or otherwise improve any street, avenue, alley, lane or any part thereof which shall have been heretofore paved, within the limits of such city, or town, it shall, by resolution, require the city engineer, or the engineer of such incorporated town, to prepare plans, profiles, specifications and estimates of the probable costs of such improvements."

The plaintiff contends that prior to the enactment of chapter 4, S. L. 1933 (now 11 O. S. 1941 § 83) the governing bodies of cities and towns possessed authority by virtue of section 3, chap. 173, S. L. 1923, formerly section 6214, O. S. 1931, 11 Okla. St. Ann. § 83, to proceed by resolution to have necessary plans and specifications prepared for the pavement or improvement of any of its streets, avenues, alleys, and lanes, but that since the adoption of the foregoing amendment they were authorized so to proceed only in cases where such streets, avenues, alleys, or lanes had been theretofore paved. As a basis for this contention plaintiff urges that the clause "which shall have been heretofore paved" limits and modifies "any street, avenue, alley, lane or any part thereof," and that if not, then the effect of the

amendment was to repeal by implication the prior authority contained in section 3, chap. 173, S. L. 1923. We are unable to agree with the contentions so made. It is a cardinal rule of construction that the legislative intent is to be ascertained, enforced, and given effect. The purpose of an amendment is to clarify and make more definite the existing law, and where an amendment has been made, it supersedes the law that existed theretofore. It will be noted that in the amendment, supra, the governing body of a city or town is given an authority which did not theretofore exist, i.e., to include in any street improvement district a part of streets which had theretofore been paved. This constitutes an enlargement of the authority of such governing body rather than a limitation thereon. As said in Board of Trustees of Firemen's Relief and Pension Fund, City of Muskogee, v. Templeton, 184 Okla. 281, 86 P. 2d 1000:

"A limiting clause in a statute is generally to be restrained to the last antecedent, unless the subject matter requires a different construction."

Applying the foregoing rule to the case at bar, the amendatory clause has the effect of enlarging rather than limiting the authority of governing bodies of cities or towns to proceed with the preparation of plans and specifications for the improvement of streets, avenues, and alleys by including a part of a street which may theretofore have been paved. This is to give a construction to the statute which is reasonable and which appears to give effect to the legislative intent rather than to defeat it, as would be the case if the construction sought by plaintiff should be adopted. If the contention of plaintiff be adopted, then governing bodies of cities or towns could repave by resolution but could not so proceed where there has never been any pavement or improvement made. Such a construction of the statute would, in our opinion, be contrary to the plain legislative intent and lead to consequences which were not intended. This would be contrary to cardinal rules of

construction. See In re Protest of Chicago, R. I. & P. R. Co., 137 Okla. 186, 279 P. 319.

What we have heretofore said makes any discussion of repeal by implication unnecessary.

The order and judgment of the trial court were in all respects proper and correct.

Judgment affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and ARNOLD, J., absent.