STEVENSON v. FRIEND, County Treas.

No. 31811. Dec. 18, 1945.

165 P. 2d 133.

Tom Anglin and O. S. Huser, both of Holdenville, for plaintiff in error.

George S. Turner, County Atty., Pryor & Wilbanks, and L. M. Lett, Jr., all of Holdenville, for defendant in error.

WELCH, J. This appeal presents the question whether the trial court erred in sustaining a demurrer to plaintiff's petition. The demurrer was presented on the general ground of failure to state a cause of action, and upon the special ground of the bar of the statute of limitations.

The trial court sustained defendant's demurrer, without specifying the ground approved or sustained, and defendant now urges the demurrer was good on both grounds.

Considering first the sufficiency of the petition, it seems to generally state facts entitling plaintiff to relief. It is alleged in effect as follows: That plaintiff owns the real estate described; that the county authorities in the years 1929 to 1932, inclusive, made erroneous assessments of the lands for ad valorem taxes, and that one portion of the lands was assessed for two earlier years when the same was expressly exempt from taxation; that upon affidavits and evidence and a hearing thereon the county commissioners, under authority of section 12642, O. S. 1931, determined the allegations of erroneous assessments, and corrected such errors, and ordered the county clerk to issue certificates of error in the stated amounts; that the county clerk issued such certificates of error in the stated amounts; that such certificates were presented to the county treasurer, who deducted the stated amounts from the originally assessed amounts, and the owner relying thereon paid the then assessed taxes and had receipt in full; that later a successor county treasurer arbitrarily and illegally re-entered against these lands the taxes for years 1929 to 1932, inclusive, theretofore canceled by such certificates of error; that without authority of law to so re-enter such taxes, such successor treasurer was about to sell such lands for such taxes when plaintiff, in order to avoid such tax sale, paid such taxes under protest

and commenced this action to recover the same.

That would seem generally to state a cause of action for all or some part of the relief sought.

The defendant contends otherwise and in his brief raises the question whether there was sufficient showing made to the county commissioners of good cause for not theretofore having made application to the equalization board to correct the erroneous assessments.

We observe that the statute (31 O. S. § 12642) which authorizes the board of county commissioners to correct erroneous assessments requires a showing to it of good cause for not having theretofore attended a meeting of the county board of equalization for the purpose of correcting such erroneous assessment.

In other cases, and under different circumstances of presentation, we have heretofore considered this question of the "good cause" showing to the board of county commissioners. In those cases, however, the validity of the order and action of the board of county commissioners was attacked on that specific ground. And we have consistently held that in a subsequent suit, if the order and action of such board was attacked on the ground of lack of "good cause" showing, and if the proceedings by and before such board failed to affirmatively disclose such "good cause" showing, then upon trial the question of such good cause showing was an open one, to be inquired into, and that if it be determined there was no such "good cause" showing, then the action of the board might be declared invalid for lack of compliance with such "good cause" requirement.

We have never held that such "good cause" question could be presented and determined upon general demurrer, and we decline now to so hold when applied to a petition presenting a cause of action with the general merit above noticed. Whatever effect that question may have on this case, the effort to present it or determine it by general demurrer was premature.

We need go no further now than to hold that upon trial the question may be inquired into as noticed in the late case of Parkinson v. State ex rel. Thieman, 196 Okla. 80, 162 P. 2d 551.

As to the statute of limitations, it is not claimed there was any delay between the time these taxes were paid under protest and the filing of this action to recover same. It is contended the fatal delay occurred between the time the tax assessments were originally made and the date of application to the board of county commissioners for correction of erroneous assessments.

Defendant contends that the three-year statute for civil actions (12 O. S. 1941 § 95) applies, thus treating such an application to this board as a civil action. It is not a civil action, but a special statutory proceeding. See 12 O. S. 1941 §§ 4 and 5; Stith v. Dana, 179 Okla. 471, 66 P. 2d 525, and El Reno Wholesale Gro. Co. v. Taylor, 87 Okla. 140, 209 P. 749. And the statute which provided this special proceeding also provided its own limitation by specifying therein that such correction of erroneous assessment could be made "before the taxes have been paid" upon proper showing (31 O. S. § 12642). On that point it was evidently the legislative intent in adopting said section 12642 that if there was such an erroneous assessment, then as long as the taxes based thereon remained on the tax roll and unpaid, the property owner could have correction of that which was erroneous, and could have cancellation of such taxes to the extent erroneous before paying his taxes, if he proceeded in the manner set out, and made the required showing. See Stith v. Dana, supra, and First Nat. Bank v. Anderson, Co. Auditor, 196 Iowa, 587, 192 N. W. 6; Sartin v. Moran-Buckner, 189 Okla. 178, 114 P. 2d 938; Oklahoma City v. Wells, 185 Okla. 369, 91 P. 2d 1077.

We therefore hold that the trial court

was in error in sustaining the demurrer to plaintiff's petition on either of the stated grounds, of course not passing upon plaintiff's ultimate right to recover, which will depend on the issues raised and their proper determination.

The judgment rendered for defendant is reversed, and the cause remanded, with directions to overrule defendant's demurrer to plaintiff's petition and to proceed further as is usual in such cases.

GIBSON, C.J., HURST, V.C.J., and CORN, DAVISON, and ARNOLD, JJ., concur.