BALDWIN v. CITY of LAWTON.

No. 32925. April 15, 1947.

Rehearing Denied May 13, 1947.

185 P. 2d 699.

Paul D. Busby and L. N. Gensman, both of Lawton, for plaintiff in error.

Charles W. Jennings, of Lawton, for defendants in error.

DAVISON, V.C.J. The city of Lawton, Oklahoma, through its proper officers and in the manner prescribed by statute, organized paving district No. 64 consisting of "D" avenue, from the west side of Seventh street, east to the city limits, approximately 12 blocks. Near the center of this district the avenue is intersected by the north and south right of way of the Chicago, R. I. & P. Railroad. The city engineer was directed by resolution to prepare plans, specifications and estimates for the paving of the above street. After preparation they were adopted by resolution and notice was given by publication as required by statute. Within the time provided, plaintiff and others, representing a majority of the owners of lots abutting on "D" avenue between Second street and the railroad, filed a protest with the city council, which was not acted upon because it was not signed by a majority of the landowners in the entire district.

This action was then filed in the district court, seeking an injunction restraining the city and its various officers from proceeding further with the proposed improvements in said improvement district. The protest, and the petition herein, were based upon the allegations that that part of the paving district between Second street and the railroad had a paving in good condition, sufficient for the amount and type of traffic thereon, which, under the proposed plan of improvement, was to be torn up and removed and used on other streets of the city, which would constitute the taking of property in violation of the Constitution. That the inclusion of this two-block area in the improvement district was arbitrary and capricious, and for the purpose of defeating the right to protest, of plaintiff and others similarly situated, and was without authorization of law. That the costs of the improvements are far in excess of any benefits to be received by plaintiff.

Defendants filed a general denial and affirmatively pleaded that the protest

was not signed by a majority of the owners of the lots in the district.

The testimony disclosed that plaintiff's property was approximately one block west of the railroad and that the proposed paving was to be of seven-inch reinforced concrete, 72 feet wide from the railroad west, and 40 feet wide east of the railroad through what is known as the "industrial area", owned by the city for the purpose of inducing large business organizations to locate plants there. The purpose of constructing the proposed improvement was to furnish facilities for access to the area sufficient for the anticipated type and amount of traffic based on a 40-year plan.

The testimony introduced by plaintiff further shows: that the old paving along plaintiff's property is sufficient for present uses and with some repair would be satisfactory for several years; the approximate value of the individual lots in the two-block area involved herein, and the approximate cost of the new pavement to each; that located between the railroad and Second street are small businesses which would be benefited little, if any, by the new paving, other than as a civic improvement, and inducement of pride in the city; that the principal use of the new pavement would be by anticipated through heavy traffic to and from the "industrial area" east of the railroad.

The trial court denied the application for injunction, and the plaintiff brings the case here on appeal.

Section 85 of 11 O.S. 1941 provides that, within 15 days after the publication of the resolution approving the plans, specifications, and estimates of the proposed improvements, protests may be filed thereto, and if the owners of more than 50% of the land liable for the assessments on any one street within the district file protests, further proceedings shall not be taken, and it shall not be again advertised for six months.

The following section, 11 O.S. 1941 §86, provides the procedure by which an owner or owners of less than 50% of the property subject to assessments, or any interested person, may protest construction of the proposed improvements by suit in the district court, which was followed by plaintiff herein:

"Any property owner, or other person interested in such proposed improvement, shall have the right to institute an action in the district court of the county in which said city or incorporated town is located, at any time not later than fifteen (15) days after publication of the resolution provided for in section 5 of this act, to contest the action of the governing body of such city or incorporated town in adopting and approving the plans, profiles, specifications or estimates filed by such city engineer, and any suit instituted after the expiration of said fifteen days, shall be not maintained to question such plans, profiles, specifications or estimates and the property owners liable for assessment shall be deemed to have waived all objections thereto."

These provisions apply in situations where the improvement district is organized by the governing body of the municipality upon its own motion. Other provisions deal with the organization upon petition of the affected landowners. The authority for all such legislation is contained in article 10, sec. 7, of the Oklahoma Constitution:

"The Legislature may authorize county and municipal corporations to levy and collect assessments for *local improvements* upon property benefited thereby, homesteads included, without regard to cash valuation." (Emphasis ours.)

The above statutes provide the method to be used by municipal corporations in exercising the powers granted by the Constitution. Jurisdiction is acquired by compliance with section 85, supra, by the passage and publication of the resolution approving the plans, specifications, and estimates, which is essentially the notice of intention to pave, formerly provided for. Southern Surety Co. v. Jay et al., 74 Okla. 213, 178 P. 95.

This step may be taken by the governing board upon its own motion without consulting any landowner, ultimately liable for the payment of the cost of such improvement. The entire procedure can then be halted by a protest of the owners of a majority of the lots to be assessed.

If, however, one or more owners, in the minority, wish to attack such action and prevent construction of the improvements, the method is provided by section 86, supra, whereby an action may be filed in the district court, within the time allowed. The determination of the necessity for the improvement is a legislative question and a finding of such fact is ordinarily conclusive. McKnight et al. v. City of Oklahoma City et al., 165 Okla. 210, 25 P. 2d 638; White v. City of Pawhuska, 130 Okla. 156, 265 P. 1059.

The procedure followed herein, as discussed in the preceding paragraph, is a direct attack, with a trial de novo in the district court, upon the finding, either directly or by implication, of the jurisdictional facts by the municipal governing board.

The authority of the municipality to tax abutting property for the cost of an improvement is dependent upon the existence of two characteristics: (1) that it is a local improvement within the meaning of the above constitutional provision; (2) that there is a public necessity therefor as required by statutory enactment. 11 O.S. 1941 §83. In filing the instant action plaintiff assumed the burden of pleading and proving the nonexistence of either or both of these requirements.

Although an owner of property subject to assessment for the payment of the cost of the improvement may later protest the equity of the apportionment of the cost between the several lots (11 O.S. 1941 §98), he may not question the jurisdiction of the municipality to proceed, except in the manner provided by sections 85 and 86, supra. That the statutes referred to herein control in cases where the improvement consists of new paving, as well as where it is a re-pavement, was determined by us in Baum v. City of Oklahoma City et al., 190 Okla. 618, 126 P. 2d 249.

If the improvement is local in character, although beneficial to the public at large, the property benefited may be taxed for its cost; if the improvement is a general public improvement, although incidental benefits flow to the abutting property, it can not be so taxed. Village of Norwood v. Baker, 172 U.S. 269, 43 L. Ed. 443; Fidelity Nat. Bank & Trust Co. et al. v. Swope et al., 2 F. 2d 676; Martin v. District of Columbia, 205 U.S. 135, 51 L. Ed. 743; Mayor and Aldermen of Savannah et al. v. Knight, 172 Ga. 371, 157 B.E. 309, 73 A.L.R. 1289; Bragdon v. City of Muskogee, 133 Okla. 224, 271 P. 1006.

We discussed many of the last-cited cases in Harrington et al. v. City of Tulsa, 170 Okla. 20, 39 P. 2d 120, wherein we made the following comment on the testimony:

". . . It is true that the city engineer, in his testimony referred to this street as a 'major trafficway', but certainly such reference does not lead us to the conclusion that the widening of the pavement on this street is not a local improvement within the meaning of section 7, art. 10, of the Constitution. Having reached this conclusion, there can be no doubt of the authority of the city of Tulsa, under its charter, to establish the improvement district and levy special assessments to pay for the widening of the pavement."

Whether or not the present paving was sufficient for anyone's individual use is not the yardstick for determining public necessity, although it is an element to be considered. The question is: Was there a public necessity and, if so, will the pavement be a local improvement when completed? The plaintiff herein had the burden of proving the lack of the essential elements. The record does not disclose any proof as to the amount of benefit each lot would re-

ceive, as compared with the necessary cost, by the paving of the street. The evidence of the value of the property is of no aid because the above-quoted constitutional provision precludes its consideration. The testimony is conflicting as to the necessity for the proposed paving. The judgment of the trial court, in effect holding that the proof failed to establish the nonexistence of the jurisdictional facts, was not against the clear weight of the evidence.

The judgment is affirmed.

HURST, C.J., and OSBORN, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.