HOLT et al. v. BOARD OF COUNTY COM'RS OF OKLAHOMA COUNTY et al.

No. 34467. Oct. 9, 1951.

*236 P. 2d 476.*

Gilliland, Withington & Shirk, Oklahoma City, for plaintiffs in error.

Granville Scanland, Co. Atty., and Nathan S. Sherman, Asst. Co. Atty., Oklahoma City, for defendants in error.

BINGAMAN, J. This action was brought by plaintiffs, H. A. Holt and Mary Irene Holt, against the board of county commissioners of Oklahoma county, and the county engineer of Oklahoma county to enjoin the establishing by the defendants of a limited access highway in Oklahoma county. The trial court sustained a general demurrer to the petition of plaintiffs, and plaintiffs appeal.

The petition alleges that plaintiffs are the owners of a lot in Tabor's Subdivision to Oklahoma City, which lot is located within the county of Oklahoma, but outside the city limits of Oklahoma City; that the board of county commissioners of Oklahoma county, in June of 1949, adopted a resolution purporting to create and establish Limited Access Highway District No. 1, which contemplated the paving and otherwise improving of North Tabor avenue from the existing paving on Northwest 10th street, to the north line of Northwest 8th street, and that said district was declared to be a local improvement and the property of plaintiffs was within the assessment district created by the resolution; that thereafter the defendant county engineer prepared plans

and specifications and estimate of costs for the paving of said portion of Tabor avenue, and that upon the filing thereof the county commissioners adopted a resolution purporting to adopt said plans, specifications and estimate of costs and declaring the necessity of the paving of said public way, the cost of said paving to be assessed against the property lying within the district so created, including the property of plaintiffs.

The petition further alleges that the county commissioners are not authorized to establish special assessment districts or street improvement districts; that the creating of a limited access highway improvement district, by resolution, violated the Constitution of the United States and of the State of Oklahoma and deprives the plaintiffs of their property without due process; that a part of the paving lies within the city limits of the city of Oklahoma City and therefore may not be assessed to property outside of the city limits. As to the public necessity for the paving of such street and its being a local improvement, the petition states as follows:

"That Tabor Avenue as the same is situated in Oklahoma County, Oklahoma, is a residential street, does not connect with any other terminus; is not designed, platted or layed out for through traffic, serves only the property immediately abutting thereon, cannot, because of its physical location and characteristics, ever be used by arterial traffic and consequently can in no sense considered as a limited access facility; and that the resolution of the defendants purporting to create the said Tabor Avenue as such is a fiat."

The law governing the establishment of limited access facilities or highways, and setting out the procedure to be followed in so doing is found in Title 69 O. S. Cum. Supp. 1949 §§11.1-11.32; 69 O. S. A. §11.1-11.32. Therein a limited access highway is defined as a street or highway especially designed for through traffic, and both cities and counties and the state are authorized to establish the same under the procedure in said law contained. The law provides that the governing body of the city or county may designate and establish such limited access facilities, and that when established they may determine the amount of the cost to be paid therefor by special assessment against benefited property, the district assessable in no event to exceed a distance of 2,640 feet from the center line of the facility, and that they may require the city or county engineer to prepare plans, specifications, profiles and estimates of the probable cost of the improvement and submit the same to such governing body. It further provides that upon the filing of such plans and estimates the governing body shall examine the same and if found satisfactory shall, by resolution, adopt and approve them. It requires the publication of such resolution; provides that if the owners of more than one-half of the area of the land liable to assessment, shall, within 15 days after the last publication, file their protest against the improvement, the governing board shall not advertise the same again for a period of six months, and provides further that no action or suit to question the ruling of the governing body on the sufficiency of the protest or the adopting of the plans and specifications shall be commenced later than 15 days after said ruling. It contains further provisions relating to the levying of assessments, appraisal of benefits to the property within the district, and the issuing of bonds to be paid by such assessments.

Taking up, first, the objections by plaintiffs to the authority of the county commissioners to establish the improvement district, we think that art. 10, §7 of the Constitution, which provides the Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefited thereby, is sufficient to permit the Legislature to grant such authority. We have heretofore held that assessments may be made outside city limits for water im-

provement districts. Price v. Water District No. 8, Tulsa County, 147 Okla. 11, 293 P. 1092. We have also held valid a law permitting the establishing of a county sewer district outside the city limits, and the assessment of benefits against the property owners in said district. Armstrong v. Sewer Improvement District No. 1, Tulsa County, 201 Okla. 531, 199 P. 2d 1012, 207 P. 2d 917. We see no reason why the same authority may not be granted to create a highway improvement district where the same is necessary and beneficial to the adjoining property owners.

As to the objection that such district may not be created by resolution, we think this is fully answered in Baldwin v. City of Lawton, 198 Okla. 585, 185 P. 2d 699, which holding is contrary to the contention of plaintiffs.

However, we think the trial court erred in sustaining the demurrer to the petition of plaintiffs. As pointed out above, the law provides that after the resolution approving the plans and specifications, filed by the county engineer, and declaring the necessity for the establishment of the district, has been adopted and published, parties affected thereby may bring an action to question the ruling on the sufficiency of a protest, if a protest is made, or to contest the action of the governing body in adopting and approving the plans and specifications. In Baldwin v. City of Lawton, supra, the court construed sections of the paving law markedly similar to the provisions of the limited access facilities law, and held that if one or more of the owners, where no protest had been filed by more than 50 per cent of the property owners, desired to contest the action of the governing body and prevent the construction of the improvements, the method was provided in that section of the law which gave the property owners the right to bring such action within fifteen days after the publication of the resolution of necessity. In that case, in commenting upon the right to bring such action, we said:

"The procedure followed herein, as discussed in the preceding paragraph, is a direct attack, with a trial de novo in the district court, upon the finding, either directly or by implication, of the jurisdictional facts by the municipal governing board.

"The authority of the municipality to tax abutting property for the cost of an improvement is dependent upon the existence of two characteristics: (1) that it is a local improvement within the meaning of the above constitutional provision; (2) that there is a public necessity therefor as required by statutory enactment. 11 O. S. 1941 §83. In filing the instant action plaintiff assumed the burden of pleading and proving the nonexistence of either or both of these requirements.

"Although an owner of property subject to assessment for the payment of the cost of the improvement may later protest the equity of the apportionment of the cost between the several lots (11 O. S. 1941 §98), he may not question the jurisdiction of the municipality to proceed, except in the manner provided by sections 85 and 86, supra."

The holding in that case applies here.

We think the quoted allegations of the petition above set forth, to the effect that the street sought to be improved is a residential street, serving only property immediately abutting thereon, and that it can never be used by arterial traffic, in the absence of any motion to make more definite and certain, are sufficient to question the necessity of the creating and establishment of the improvement district and its designation as a local improvement which would warrant the assessing of other than abutting property. We have many times held that as against a demurrer a petition must be liberally construed and that all allegations of fact must be taken as true, together with all reasonable inferences therefrom. Stevenson v. Friend, 196 Okla. 249, 165 P. 2d 133. Crews v. Garber, 188 Okla. 570, 111 P. 2d 1080. When the petition in the instant case is so construed we think the allegations sufficient to challenge the necessity for the paving of

the portion of the street in question and its benefits to adjoining property owners. Therefore, the trial court erred in sustaining the demurrer.

Reversed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.