**RIEDT et al. v. CITY OF McALESTER.**
No. 35436.

Supreme Court of Oklahoma.
Oct. 13, 1953.

Hulsey & Hulsey, W. S. Horton, Mc-Alester, for plaintiffs in error.

Walter J. Arnote, City Attorney, McAlester, for defendant in error.

DAVISON, Justice.

By this suit, some seventeen abutting property owners, as plaintiffs, seek to enjoin the defendant, The City of McAlester, Oklahoma, from proceeding further in the improvement of a certain city street therein and from issuing special improvement bonds and from levying special improvement tax assessments against plaintiffs' property to pay for the same. Judgment below was for defendant and plaintiffs appeal. The parties appear here and will be referred to as they appeared in the trial court.

The judgment of the trial court denying the injunction, was based upon the finding "that the petition of plaintiffs was not filed within the fifteen days fixed by Section 86, Title 11, Oklahoma Statutes 1941" as amended and, for that reason, the court did not have jurisdiction. Before discussing the statutes and in order to get a clear picture of the issues presented, it is necessary to outline chronologically, the several steps taken by all the parties.

1st. On August 13, 1951, the City Council of the defendant was in session and the minutes of that meeting disclose that a petition was presented, requesting that said governing body take the necessary steps to pave and otherwise improve certain named parts of streets constituting Paving District No. 53. Plaintiffs contend that the same was a petition, filed presumably as an attempted compliance with the provisions of 11 O.S.1951 § 87. Defendant contends that it was merely a data sheet, was never filed and was no part of the proposed paving procedure. Said minutes further disclose a resolution instructing the engineer to prepare and submit preliminary plans, estimates, etc. on the proposed paving project.

2nd. On August 13, 1951 (the same meeting) preliminary plans and specifications were presented and adopted by a resolution which contained the other recitals required by 11 O.S.1951 § 85.

3rd. On September 6 and 13, 1951, the last mentioned resolution was published (as required by 11 O.S.1951 § 85).

4th. On September 27, 1951, plaintiffs filed their "Street Improvement Protest" and also "Exceptions to the Petition for Improvements." (It was admitted that the protest was signed by less than 50 percent of the owners of property abutting on said street).

5th. On October 17, 1951, the petition in this suit was filed and on October 23, 1951, a supplement to said petition was filed.

The above outlined incidents and the dates of the same become very important when it is noted that the sole question to be answered by this court is—Was the petition of plaintiffs filed within the time allowed and provided by law? We conclude that it was not and that the trial court was correct in so holding. The methods by which proceedings are begun and by which the same may be protested, looking toward street improvements in municipal corporations in this State, are outlined and provided for in §§ 85, 86 and 87 of Title 11 O.S.1951. As was pointed out in the case of Baldwin v. City of Lawton, 198 Okl. 585, 185 P.2d 699, the authority for those statutory provisions, is contained in Art. X, § 7, of the Oklahoma Constitution.

The referred to sections of the statutes provide two methods by which proceedings for such street improvements may be commenced. Section 87, which is section 7 of chapter 173 of S.L.1923 as amended in 1929 and in 1949, authorizes the procedure upon the petition of the record owners of more than one-half the area of the land liable to assessments for the improvement. Action upon the petition by the governing board of the municipality constitutes a finding that the petition was signed by the requisite number of property owners, Berry v. City of Stillwater, 49 Okl. 560, 153 P. 870, "and no action or suit to question the findings of said

governing body on the sufficiency of said petition shall be commenced later than fifteen (15) days after such finding." 11 O.S.1951 § 87. The statute makes no provision for, but specifically removes the necessity for notice by publication of such action.

■ The other method of commencing the proceedings, 11 O.S.1951 § 85 is,

"* * * by the passage and publication of the resolution approving the plans, specifications and estimates, which is essentially the notice of intention to pave, formerly provided for Southern Surety Co. v. Jay et al., 74 Okl. 213, 178 P. 95.

"This step may be taken by the governing board upon its own motion without consulting any landowner, ultimately liable for the payment of the cost of such improvement. The entire procedure can then be halted by a protest of the owners of a majority of the lots to be assessed.

"If, however, one or more owners, in the minority, wish to attack such action and prevent construction of the improvements, the method is provided by section 86, supra., whereby an action may be filed in the district court, within the time allowed. The determination of the necessity for the improvement is a legislative question and a finding of such fact is ordinarily conclusive. McKnight et al. v. City of Oklahoma City, 165 Okl. 210, 25 P.2d 638; White v. City of Pawhuska, 130 Okl. 156, 265 P. 1059." Baldwin v. City of Lawton, supra [198 Okl. 585, 185 P.2d 701].

Thus, if the proceedings are begun by petition of the landowners, any interested party may maintain a suit to question the sufficiency of the petition, but only if the suit is filed within fifteen days after the action of the governing board approving the petition and finding it sufficient. Section 87. If the proceedings are begun by the city on its own initiative, a protest by a majority of the property owners will automatically stop such proceeding but the finding of the governing board as to the sufficiency of the protest may be questioned by the filing of a suit by any interested party but only if the suit is filed within fifteen days after such finding, Section 85. If the protest is insufficient in that less than 50 percent of the owners sign it or for any other reason, the authority of the board to proceed on its own initiative can be questioned by the filing of a suit by any interested party, but only if the suit is filed within fifteen days after publication of the notice of the resolution approving plans, specifications, etc. Section 86.

■ Applying the statutes to the facts before us, the following conclusions are reached.

First: If the proceeding was upon petition of the landowners, that petition was found sufficient by the first resolution of August 13, 1951, and this suit was not filed within fifteen days thereafter.

Second: If the proceeding was by the governing board upon its own initiative, a suit by a minority of property owners was barred unless filed within fifteen day from the last publication of notice on September 13, 1951. This suit was filed on October 17, 1951.

Third: A protest by a majority of the property owners, if the proceeding was by the governing board upon its own initiative, could be filed within fifteen days from the last publication of notice on September 13, 1951. A suit filed within fifteen days after the determination of the insufficiency of such a protest could attack that finding only. Plaintiffs herein admitted that the protest was not signed by a majority of the property owners. That amounted to an admission that the governing board was correct in finding the protest insufficient.

Therefore, we need not determine whether the proceedings to effect the street improvement were initiated by the landowners or by the city council. This suit was not filed within the time allowed by statute to question either method. The only question which could be litigated at the time it was filed was whether or not the pro-

test was signed by a majority of the landowners. Plaintiffs admit that it was not. The trial court was correct in holding that it did not have jurisdiction to determine the questions sought to be put in issue.

The judgment is affirmed.

HALLEY, C. J., and CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.