Beatrice ADAMS et al., Plaintiffs in Error,

v.

The CITY OF McALESTER, a municipal corporation, Defendant in Error.

No. 36604.

Supreme Court of Oklahoma.

July 19, 1955.

Hulsey & Hulsey, W. J. Hulsey, Lena Hulsey, McAlester, for plaintiffs in error.

Walter J. Arnote, City Atty, McAlester, for defendant in error.

WILLLIAMS, Vice Chief Justice.

By this action, three property owners, as plaintiffs, seek to enjoin the City of McAlester, as defendant, from proceeding further in the improvement of a certain city street therein and from issuing special improvement bonds and from levying special improvement tax assessments against plaintiffs' property to pay for the same. Defendant moved to dismiss the action on the ground it was res judicata and also because barred by the statute of limitations. The trial court sustained the motion and dismissed the action and plaintiffs appeal.

The record reveals that plaintiffs here were also parties plaintiff in the case of Riedt v. City of McAlester, Okl., 262 P.2d 152, decided by this court on October 13, 1953. The subject matter of that case was the same as the subject matter of the case at bar. The only differences between the Riedt case and the case at bar are that 14 of the parties plaintiff in the Riedt case did not join in the case at bar and that the Riedt case was filed on October 17, 1951, whereas the case at bar was filed on March 11, 1954.

Plaintiffs assert that the Riedt case is not res judicata because the judgment therein was on a question of limitation only and not on the merits. It is true that the Riedt case was held to be barred by the statute of limitations because not filed within the 15 day period provided by 11

O.S.1951 §§ 85 and 86, but just what comfort plaintiffs derive from such fact we are unable to perceive. It appears obvious that if the petition filed in the Riedt case on October 17, 1951, was barred by limitations, certainly a petition alleging the same cause of action filed by the same parties against the same defendant some two and one-half years later would likewise be barred by limitations.

We deem no further discussion of the merits of the case necessary.

Judgment affirmed.

JOHNSON, C. J., and WELCH, CORN, DAVISON, HALLEY and BLACKBIRD, JJ., concur.