PROFESSIONS AND OCCUPATIONS The Board of Embalmers and Funeral Directors may not, by rule, regulation or policy, prohibit an applicant from serving as an apprentice while enrolled as a student so long as the applicant serves the apprenticeship period either before or subsequent to graduation from a school of mortuary science. An individual may not be issued an Embalmer or Funeral Directors' License unless such person has obtained a diploma or other evidence of completion of courses of study which shall have the same level of achievement as a diploma, according to the statutory requirements imposed, as issued by the governing officials of an approved school of mortuary science. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Because Title 59 O.S. 396.3 [59-396.3] (1971) of the Oklahoma Statutes provides that an applicant for an Embalmer and Funeral Directors' License may serve the one (1) year as a registered apprentice either before or after graduation from an approved school of mortuary science, does this mean that the Board may prohibit said applicant from satisfactorily serving and completing the one (1) year registered apprenticeship while enrolled as a student and attending mortuary science courses assuming that the applicant otherwise meets all other requirements ? 2. May an Embalmer and Funeral Directors' License be issued to a person who is not a graduate of an approved school of mortuary science, and in that regard, what is a graduate? Title 59 O.S. 396.3 [59-396.3] (1971) provides for the qualifications and examination of funeral directors and embalmers. Section 396.3 provides in part: "(b) The minimum requirements for the issuance of a license to practice funeral directing or embalming, or both, in Oklahoma are as follows, to wit: "Embalmer — Such applicant shall be twenty-one (21) years of age, a legal resident of Oklahoma, a citizen of the United States, and of good moral character, and in addition must have not less than sixty accredited hours of study from an accredited college or university or equivalent as determined by the Board, a graduate of an approved school of mortuary science, and said school of mortuary science cannot be less than twelve months' duration for a prescribed course entitling an individual to graduation therefrom, and must serve one (1) year as a registered apprentice. The examination of said embalmer may consist of any combination of written, oral, or practical components of testing, as may be determined by the Board. Said applicant may serve the one (1) year as a registered apprentice either before graduation from an approved school of mortuary science, or subsequent to graduation from said school of mortuary science, provided that registered apprentices at the effective date of this act shall be entitled to be licensed if they meet the requirements of the law at the time of their registration." (Emphasis added) It is clear from a plain reading of the statute that an applicant may serve as an apprentice either before or after graduation. The statute makes no other qualification on the time of serving as an apprentice. It is well-settled Oklahoma law that if the wording of a statute is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for use of interpretative devices to fabricate a different meaning. McVicker v. Board of County Commissioners of Caddo County, 442 P.2d 297 (1968). The interpretation, as set forth above, becomes even more apparent in that, prior to its current status, Oklahoma law provided that an embalmer must have not less than nine (9) months training in an approved or credited school of embalming and had served an apprenticeship of one year after the completion of such nine (9) months school training. The historical note to 59 O.S. 396.3 [59-396.3] provides that service of one (1) year of the apprenticeship before the commencement of the school training and one (1) year after its completion was required by the amendment of 1945. In Baum v. Oklahoma City, et al., 126 P.2d 249
(1942), the Supreme Court stated: "It is a cardinal rule of construction that the legislative intent is to be ascertained, enforced and given effect. The purpose of an amendment is to clarify and make more definite the existing law and where an amendment has been made it supersedes the law that existed theretofore." Because the Legislature did not retain the provision prohibiting apprenticeship training during school training, it is clear that an applicant may satisfactorily serve and complete the one (1) year registered apprenticeship requirement either before or after graduation. Correspondingly, assuming the applicant otherwise meets apprentice requirements, he may serve while enrolled as a student and attending mortuary science courses. Further, it is understood that the Board has adopted as a policy, as expressed through its rules, regulations, or "instructions to the apprentice" the last of which was adopted June 1, 1978, the requirement that the twelve (12) month apprenticeship requirement may be served "either before or after enrolling in a mortuary science school, but not during the time the apprentice is in Mortuary Science School". It is clear that administrative practice, enlarging scope of unambiguous statutes cannot be given force of law. See Hampton v. Ewert, 22 F.2d 81, cert. den. 48 S.Ct. 303, 276 U.S. 623 (1972), and more recently in Boydston v. State, 277 P.2d 138 (1954), dealing with the State Board of Embalmers, the Supreme Court stated in the first syllabus: "Generally, when boards or commissions are created by statute, their powers are limited to those granted by the applicable statute, which may not be enlarged by the board itself." Therefore, the Board may not, by rule, regulation or policy, prohibit an applicant from serving as an apprentice while enrolled as a student so long as the applicant serves the apprenticeship period either before or subsequent to graduation from a school of mortuary science. As to your second question, you asked whether an Embalmer or Funeral Directors' License can be issued to a person who is not a graduate of an approved school of mortuary science. In that regard, you ask what is a graduate. It is clear that words and phrases employed in a statute will be given their plain, ordinary meaning according to the input of the language used, absent intent to the contrary. Carter Oil Co. v. Scott, 21 F.2d 780 (1926). Accordingly, an individual will be presumed to have graduated from an approved school of mortuary science when the governing officials of such school have determined that an individual has completed such courses of study entitling them to a diploma or other evidence of completion. Further, those decisions are conclusive in absence of illegal or arbitrary action on the part of the governing officials. See Gaspar v. Burton, 513 F.2d 843 (C.A. Okla., 1975). It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. The Board of Embalmers and Funeral Directors may not, by rule, regulation or policy, prohibit an applicant from serving as an apprentice while enrolled as a student so long as the applicant serves the apprenticeship period either before or subsequent to graduation from a school of mortuary science. It is further the opinion of the Attorney General that your second question be answered in the following manner. An individual may not be issued an Embalmer or Funeral Directors' License unless such person has obtained a diploma or other evidence of completion of courses of study which shall have the same level of achievement as a diploma, according to the statutory requirements imposed, as issued by the governing officials of an approved school of mortuary science. (PAUL C. DUNCAN) (ksg)