Eddie WILLIAMSON, Petitioner,

v.

WEYERHAEUSER CORPORATION, Own Risk, and Workers' Compensation Court, Respondents.

No. 62448.

Court of Appeals of Oklahoma, Division No. 4.

Oct. 9, 1984.

Rehearing Denied Nov. 15, 1984.

Certiorari Denied Feb. 5, 1985.

Released for Publication by Order of the Court of Appeals Feb. 15, 1985.

Lew Gravitt, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Oklahoma City, for petitioner.

William A. Robinson, Robinson & Bower, Inc., Oklahoma City, for respondents.

## OPINION

STUBBLEFIELD, Judge.

In this workers' compensation case, worker appeals the court en banc's reduction of the lower court's award of permanent partial disability compensation from 400 weeks to 260 weeks because worker had previously received 240 weeks of temporary total compensation. The sole issue raised by this appeal pertains to the continued existence of the 500 week limitation on combined awards of temporary and permanent partial compensation. We find that limitation to have been abolished by the 1978 amendments to the Workers' Compensation Act and reverse the order of the court en banc.

### I

On December 3, 1978, worker, Eddie Williamson, sustained serious injuries to his back, leg and foot while employed by Wey-

erhaeuser Company, Inc. His left leg was eventually amputated six inches below the knee.

Employer voluntarily paid worker temporary total disability compensation through June 23, 1983, and on October 31, 1983, the matter came on for hearing on the issue of permanent partial disability. On November 3, 1983, the trial court found worker to have sustained 100% permanent partial disability to his left foot, 20% permanent partial disability to his left leg, and 30% permanent partial disability to his body as a whole. It accordingly found worker to be entitled to permanent partial disability compensation for a period of 400 weeks.

Employer appealed the trial court's order to the court en banc which, on January 20, 1984, vacated and remanded the matter "to the trial court for further consideration of all issues." On remand, the trial court entered an essentially identical order. The order did, however, contain the additional finding that "85 O.S. 28 is not controlling *except* as to 'Change of Condition' and that claimant herein is entitled to permanent partial disability in addition to temporary total disability and is not limited to 500 weeks for both."

█ Employer again appealed to the court en banc. On May 4, 1984, that court modified the trial court's order by reducing the percentages of permanent disability sustained to worker's left leg and body as a whole and by further reducing the period over which compensation would be paid to 260 weeks because worker had previously received 240 weeks of temporary total disability compensation.[1]

### II

In his single assignment of error, worker contends that the order of the court en banc is not supported by competent evidence in that 85 O.S.1981 § 22 does not contain a 500 week limitation on combined

---

1. We note that the order of the court en banc is facially defective in that it "is devoid of the critical, statutorily-mandated panel determination" that the trial court's decision was against the clear weight of the evidence or contrary to law. *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 552 (Okla.1984).

awards of temporary total and permanent partial compensation and that section 28 is applicable only to cases in which the worker has suffered a "change of condition."

Prior to the 1978 amendments to the Workers' Compensation Act, section 22 contained an express 500 week limitation on any awards of permanent total disability benefits. 85 O.S.1961 § 22(1). Although the section was silent as to any limitation on combined awards of temporary and permanent compensation, the 500 week limitation on permanent total disability awards nevertheless served as the basis for a judicially created 500 week limitation on combined awards of temporary total and permanent partial compensation.

> The law stands firmly settled that an injured workman is entitled to compensation for temporary incapacity in addition to an award for permanent partial disability, and this rule applies with equal force and effect whether the injury is specific or unscheduled. *Simpson Fell Oil Co. v. Tucker*, 158 Okl. 45, 12 P.2d 529. *The only statutory limitations are that the aggregate benefits granted for a single injury may not exceed 500 weeks* and the allowance for both temporary total and temporary partial disability is restricted to 300 weeks. 85 O.S.1961 § 22, subdivisions 1, 2 and 4. (emphasis added) (citations omitted)

*Hondo Petroleum Co. v. Piearcy*, 376 P.2d 1012, 1013 (Okla.1962); *see also Loffland Brothers Co. of Venezuela v. Hamman*, 421 P.2d 647, 650 (Okla.1966); *Orth Kleifeker & Wallace v. Scott*, 173 Okla. 448, 49 P.2d 112 (1935). With the enactment of the 1978 amendments came the abolition of the 500 week limitation on permanent total disability awards and hence the underlying rationale in support of the existence of a similar limitation on combined temporary total and permanent partial disability awards. Such a limitation was, however, expressly added to the amended version of 85 O.S.1981 § 28:

### Change of condition—Review of award by Court

Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Court may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state its conclusions of fact and ruling of law, and the Administrator shall immediately send to the parties a copy of the award. *No such review shall effect such award as regards any money already paid. In a change in condition for the better changing a permanent total disability to a permanent partial disability, the weeks paid on the permanent total disability award shall not be deducted from a subsequent permanent partial disability award; however, permanent partial disability awards together with temporary compensation shall not exceed five hundred (500) weeks.* (emphasis added) (footnote omitted)

In support of his contention, worker has argued that section 22 contains no express limitation on combined awards of temporary and permanent partial compensation and that section 28 has no applicability because he did not suffer a "change of condition." We agree.

■ Although the amended version of section 22 alters the rate of compensation for unscheduled injuries, which are permanent and partial in character, to "sixty-six and two-thirds percent (66⅔%) of the employee's average weekly wage for the number of weeks which the partial disability of the employee bears to five hundred (500) weeks," nothing therein purports to limit a combined award of temporary and permanent partial compensation to 500 weeks. Moreover, the very language which gave rise to the judicially created limitation has been entirely deleted from the amended statute, from which it will be assumed that the legislature intended to effect a change in existing case law. *McDermott, Inc. v. Bennett*, 395 P.2d 566 (Okla.1964).

The 500 week limitation contained in section 28 is similarly inapposite for its applicability extends only to cases in which a claimant's condition has changed from a permanent total disability to a permanent partial disability. This limitation cannot be reasonably applied to section 22, for had the legislature intended that the initial award be similarly limited, it would have utilized, in its revision of section 22, language identical to that which appears in section 28. The applicability of the limiting clause in section 28 will accordingly be "restrained to the last antecedent," that being, cases in which the nature of the worker's condition has improved from a permanent total disability to a permanent partial disability. *Baum v. Oklahoma City*, 190 Okl. 618, 126 P.2d 249, 251 (1942) (citation omitted).

We therefore conclude that the limitation contained in section 28 is inapplicable to the case at bar and that the deletion from section 22 of the statutory language which gave rise to the 500 week limitation on combined awards of temporary and permanent partial compensation had the effect of abolishing that judicially created limitation upon the duration of such awards.

The order of the court en banc modifying the order of the trial court is reversed and the order and award of the trial court is reinstated.

DeMIER, P.J., and BRIGHTMIRE, J., concur.