FEELER v. CITY OF TULSA



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:FEELER v. CITY OF TULSA

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 FEELER v. CITY OF TULSA
2021 OK CIV APP 45
Case Number: 118720
Decided: 04/12/2021
Mandate Issued: 11/17/2021
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2021 OK CIV APP 45, __ P.3d __

 

KENNETH BILLY FEELER, Petitioner,
v.
CITY OF TULSA, Own Risk #10435, and THE OKLAHOMA WORKERS' COMPENSATION COMMISSION, Respondent.

PROCEEDING TO REVIEW AN ORDER OF THE
OKLAHOMA WORKERS' COMPENSATION COMMISSION

AFFIRMED

W.E. Sparks, Tulsa, Oklahoma, and Bryce A. Hill, Tulsa, Oklahoma, for Petitioner,

Ashley M. Bibb, LATHAM, STEELE, LEHMAN, KEELE, RATCLIFFE, FREIJE & CARTER, P.C., Tulsa, Oklahoma, for Respondent City of Tulsa.

BARBARA G. SWINTON, CHIEF JUDGE:

¶1 Petitioner Kenneth Billy Feeler seeks review of an order of the Workers' Compensation Commission which affirmed the Administrative Law Judge's (ALJ) award of permanent partial disability (PPD) to Feeler. In 2017, Feeler sustained a compensable injury governed by the Administrative Workers' Compensation Act (AWCA). Previously Feeler had received 310.85 weeks of PPD for injuries predating AWCA. Respondent City of Tulsa (Employer) argued Feeler was entitled to no more than 39.15 weeks of PPD in this case because he is subject to the 350 weeks limit on cumulative PPD established in AWCA. The ALJ agreed and found Feeler had sustained 11% permanent partial impairment from his most recent injury, which resulted in an award of 39.15 weeks of PPD benefits. Feeler's prior compensable injuries occurred when the Workers' Compensation Act allowed claimants a maximum of 520 weeks of PPD. Feeler contends that he had a vested right to the higher maximum in effect at the time of his earlier injuries and that the 350 weeks of PPD provided in AWCA applies only to injuries sustained after the effective date of AWCA. It is settled that a claimant does not have a vested right to future PPD awards and a change in the PPD maximum does not deny equal protection to claimants. The law in effect at the time of the current injury applies in workers' compensation proceedings and that law provides that the sum of all PPD awards shall not exceed 350 weeks. The finding of 11% impairment was not clearly erroneous in light of the evidence, unconstitutional, nor affected by any other error of law and we therefore affirm the Commission's order.

¶2 As noted above, the facts of this case are not disputed. The parties agreed Feeler sustained a compensable single incident injury to the neck in December 2017. The parties also agreed on the rates of TTD and PPD, the date of accrual, and that Feeler had been awarded 310.85 weeks of PPD in five previous cases involving injuries sustained before the effective date of AWCA. Additionally, the parties agreed that Feeler's prior injuries were governed by the Workers' Compensation Act (WCA), which allowed claimants a maximum of 520 weeks of PPD. Finally, the parties agreed that AWCA provides that claimants may not be awarded more than 350 weeks of PPD.

¶3 At the hearing, Employer urged that Feeler had 39.15 weeks of PPD remaining under the law in effect at the time of his injury. Feeler countered that his previous injuries occurred before AWCA was effective and therefore either he was entitled to a maximum of 520 weeks, or his PPD awards under the WCC should not count against the 350 weeks provided by AWCA. In its order, the ALJ agreed that Feeler was subject to AWCA's 350 weeks PPD limit. The ALJ found Feeler sustained 11% permanent partial impairment and awarded $12,645 PPD to be paid at $323 per week, which amounted to 39.15 weeks of PPD.

¶4 Feeler appealed the order to the Commission, which affirmed. In the Commission hearing, Employer noted that 11% impairment was within the range found by the medical experts and contended the ALJ could have found Feeler sustained 11% impairment without reference to the 350 weeks limit.

¶5 Feeler now seeks review of the Commission's decision. Feeler contends the Commission erred because: AWCA expressly provides that it applies to all injuries occurring after February 1, 2014; in AWCA, the Legislature created a new administrative workers' compensation system; and AWCA does not include a way to convert PPD percentages under WCA to AWCA.[1] Under the terms of AWCA, we may modify, reverse, remand, or set aside the Commission's order only if it was:

1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2013 §78. The parties do not dispute the facts. The issue, whether the Commission properly applied AWCA's 350 weeks PPD maximum in this case, is a question of law subject to de novo review. Rivas v. Parkland, 2000 OK 68, ¶6, 12 P.3d 452 (superseded by statute on other grounds as noted in Evans & Assocs. v. Espinosa, 2011 OK 81, ¶17, 264 P.3d 1190). "A legislative act is presumed to be constitutional and will be upheld by this Court unless it is clearly, palpably and plainly inconsistent with the Constitution." Hill v. American Medical Response, 2018 OK 57, ¶8, 423 P.3d 1119.

¶6 It is settled that "the law in effect at the time of the injury controls both the award of benefits and the appellate standard of review where workers' compensation is concerned." Graham v. D&K Oilfield Services, Inc., 2017 OK 72, ¶9, 404 P.3d 863. At the time of Feeler's injury in this case, AWCA provided "(t)he sum of all permanent partial disability awards, excluding awards against the Multiple Injury Trust Fund, shall not exceed three hundred fifty (350) weeks." 85A O.S. Supp. 2015 §46(H). Necessarily, Feeler's benefits in the instant case are controlled by Section 46(H). As noted above, all of Feeler's previous claims occurred when the WCA provided:

The sum of all permanent partial disability awards, excluding awards against the Multiple Injury Trust Fund and awards for amputations, and surgeries, shall not exceed one hundred percent (100%) permanent partial disability for any individual. An individual may not receive more than five hundred twenty (520) weeks' compensation for permanent partial disability, but may receive other benefits under the Workers' Compensation Act if otherwise eligible as provided in the Workers Compensation Act.

85 O.S. Supp. 2005 §22(7). Feeler urged it was error to count the PPD awards he received in the Workers' Compensation Court as part of his 350 weeks allowed under AWCA because at the time he received his prior awards, he was subject to the 520 weeks maximum.

¶7 The Oklahoma Supreme Court addressed almost the same issue in Rivas, supra. In Rivas, the claimant had previously been awarded PPD for 99.85% impairment during the time the WCA did not limit the sum of PPD awards. At the time of the claimant's latest injury, the Act had been amended to provide that the sum of all PPD awards could not exceed 100%. The Workers' Compensation Court found Rivas had sustained 30% PPD, but it awarded him only the .15% PPD remaining to him under the 100% statute. He challenged the application of the 100% limit as an unconstitutional denial of equal protection as well as a violation of Art. 5, §54 of the Oklahoma Constitution, which bars retroactive application of laws affecting substantive rights.

¶8 In Rivas, the court began its equal protection analysis by noting rational basis is the proper test of the Legislature's treatment of different classifications of claimants. 2000 OK 68 at ¶8. Under this test, the state may treat certain classes differently if the classifications are not arbitrary and capricious and bear a rational relationship to a public policy or goal. Id. The court identified two classes of claimants with prior PPD adjudications:

(1) (those who) will find their current PPD award reduced when receiving compensation for their latest disability and (2) some who will have an undiminished award because their current PPD rating does not carry them over the 100% allowable limit.

The discrimination arises because the second subclass will receive full compensation benefits for the latest disability whereas the first subclass, of which Rivas is a member, will have their compensation benefits reduced or even eliminated entirely. As a result, two individuals employed and covered by the Workers' Compensation Act may suffer identical injuries, under seemingly identical circumstances, and receive identical PPD ratings, but one will be compensated to the full extent of his PPD benefits and the other denied some or all of the PPD compensation allowed under the Act.

2000 OK 68 at ¶¶9-10 (emphasis added).[2] The court concluded this classification was rationally related to the workers' compensation policy goals of limited and certain monetary exposure for employers by ensuring an employer is never liable for more than 100% PPD compensation. Id. at ¶13. The court noted "the legislative classification . . . operates alike on all persons. . . . All workers covered under the Act are subject to the 100% PPD limit. . . . Because the legislative classification . . . applies evenhandedly to all workers and is based upon distinctions with a proper relation to the object of the Workers' Compensation Act, the classification does not violate the federal guarantee of equal protection under the law." Id. at ¶14.

¶9 The Oklahoma Supreme Court also rejected Rivas's argument that the 100% limit denied him a certain remedy as guaranteed by Art. 2, § 6 of the Oklahoma Constitution. As explained by the court, "(t)he remedy clause does not constrain the legislature, but rather compels the judiciary to be open to all persons with actionable causes. . . . Because it is the legislature and not the judiciary that limited Rivas'(s) PPD compensation, this proposition must fail." Id. at ¶21.

¶10 Finally, the Oklahoma Supreme Court considered whether applying the 100% maximum deprived Rivas of a vested right, noting "even the most unrestrained legislature cannot deprive a plaintiff of vested interests." Id. at ¶22. The court explained that a right to a remedy vests when the cause of action accrues and Rivas's cause of action for his last PPD award did not accrue until after the Legislature passed the 100% PPD maximum. Id. at ¶¶23-24. The court noted its earlier holding that a claimant "cannot be heard to complain if the rule is changed before any rights have accrued to him thereunder." Id., quoting Adams v. Iten Biscuit Co., 1917 OK 47, 162 P. 938, 943.

¶11 Similarly, Feeler had no vested right to additional PPD until his 2017 injury. Accordingly, he had no vested right to PPD under the 520 weeks maximum provided in the WCA.

¶12 In this case, AWCA treats all claimants the same way. Before the 100% maximum PPD statute was added to the WCA, some claimants had received more than 100%. Under AWCA, those who had received more than 350 weeks of PPD under the WCA would have received a larger award of PPD than later allowed under AWCA. Under Rivas this result is not a denial of equal protection because the classification is rationally related to the policy goals of AWCA. And, the Legislature retains the authority to alter the available remedies for future claims. The Oklahoma Supreme Court's analysis in Rivas requires our conclusion that the reduced maximum PPD limit in effect at the time of Feeler's current compensable injury did not deny him equal protection and did not deprive him of a vested right.

¶13 To the extent Feeler contends Rivas only applies to WCA cases, the Oklahoma Supreme Court has approvingly cited Rivas in a case proceeding under AWCA. See Graham, supra, at ¶21. We recognize the Oklahoma Supreme Court's finding that AWCA defines PPD slightly differently than the WCA. See Maxwell v. Sprint PCS, 2016 OK 41, ¶¶13-14, 369 P.3d 1079, where the court noted AWCA framed PPD as loss of earning capacity rather than physical impairment but also acknowledged that AWCA included "physiological capabilities of the human body" in its definition of permanent disability. Nevertheless, this difference is not so pronounced to suggest the Legislature intended for AWCA to offer claimants an opportunity to receive another 100% PPD award under AWCA, regardless of any PPD awards made under the WCA. Any other conclusion would patently ignore the policy goals of AWCA of "protecting employers from excessive judgments and providing more limited and certain levels of monetary exposure." Graham, supra, 2017 OK 72 at ¶16. And to allow Feeler to receive up to 520 weeks PPD for injuries sustained after AWCA ignores the settled rule that the law in effect at the time of the most recent injury is controlling.

¶14 In addition to our finding the Commission correctly applied to 350 weeks maximum as a matter of law, we also find the award of 11% permanent partial impairment was not clearly erroneous in light of the evidence admitted. Accordingly, the Commission's order is AFFIRMED.

PEMBERTON, P.J., specially concurs and BELL, J., dissents.

 

 

PEMBERTON, P.J., specially concurring:

¶1 I adopt the majority's opinion and also write separately to bolster the outcome. The majority has applied the clear language of the AWCA and provided to a worker the entire 350 weeks of benefits to which he is entitled. While I agree the rationale employed in Rivas v. Parkland, 2000 OK 68, 12 P.3d 452 applies, the result in this case more simply derives from an application of unambiguous legislation.

¶2 Pertinent law in effect at the time of Mr. Feeler's injury at issue provided, "The sum of all permanent partial disability awards, excluding awards against the Multiple Injury Trust Fund, shall not exceed three hundred fifty (350) weeks." 85A O.S. § 46(H). The language is clear and leads to only the conclusion announced by the majority--that all of Mr. Feeler's permanent partial disability awards, when combined, were capped at 350 weeks.

¶3 It is worth emphasizing a forfeiture of Mr. Feeler's rights has not occurred. While I recognize 85A O.S. § 3(C) provides, "The Administrative Workers' Compensation Act shall apply only to claims for injuries and death based on accidents which occur on or after February 1, 2014." Mr. Feeler's claim for injury at issue was indisputably based on a post-February 1, 2014 occurrence; thus, the AWCA, in its entirety, applied. By limiting Mr. Feeler's award based on the sum total of all of his permanent partial disability awards, including those predating February 1, 2014, the majority has applied the AWCA only to the post-February 1, 2014 injury, while necessarily considering (but not altering) the prior awards. Mr. Feeler previously received the full benefit of the compensation and his employer's obligation to pay benefits awarded for the pre-February 1, 2014 injuries. If we were to retroactively adjust a pre-February 1, 2014 award based on an application of the AWCA, I would conclude some forfeiture of vested rights had occurred. The majority has not taken any such measure, and the legally appropriate outcome has been reached.

 

 

BELL, J., dissenting:

¶1 I disagree with the majority's opinion. The majority holds an injured worker's PPD benefits - received for injuries sustained before the effective date of the Administrative Workers' Compensation Act (Act) - shall be accumulated and applied against the 350 allowable weeks of PPD benefits permitted under the Act. The majority's opinion effectively operates to forfeit some or all of an injured worker's rights to 350 weeks of PPD benefits under the Act if that worker sustained compensable injuries and received PPD benefits before February 1, 2014. I find this result to be unreasonable for several reasons.

¶2 First, the law disfavors forfeitures. Gibby v. Hobby Lobby Stores, Inc., 2017 OK 78, ¶12, 404 P.3d 44. Next, the Legislature did not intend such a unreasonable and unfair result. The Legislature, in its wisdom, specifically limited application of the Act "[o]nly to claims for injuries and death based on accidents which occur on or after February 1, 2014." See 85 O.S. 2011 §3(C). Furthermore, the majority's opinion is contrary to the long-standing legal premise that "The right to compensation and the obligation to pay such benefits becomes vested and fixed by law at the time of the claimant's injury." Gibby, 2017 OK 78 at 11, citing CNA Ins. Co. v. Ellis, 2006 OK 81, ¶14, 148 P.3d 874. Finally, I find Rivas v. Parkland, 2000 OK 68, 12 P.3d 452 (superceded by statute) to be inapplicable because Rivas involved the limitations on the amount of PPD found in the old Workers' Compensation Act. I note the majority approves of Rivas because it was cited in Graham v. D K Oilfield Services, Inc., 2017 OK 72, 404 P.3d 863, which was decided after the Act's effective date. However, Graham- which involved maximum benefits for hernias- cited Rivas for the legal principal that "The legislature can limit the amount of PPD an injured worker receives." Graham did not extend Rivas' holding to limit an injured worker's cumulative pre- and post-Act PPD benefits to 350 weeks.

FOOTNOTES

[1] Under the WCA, 100% PPD amounted to 520 weeks of benefits, while under AWCA, 100% PPD amounts to 350 weeks of benefits.

[2] We recognize Feeler's complaint that many claimants who received more than 350 weeks of PPD under the WCA will receive no PPD under AWCA. As we explain below, Rivas established that this result is not a denial of equal protection.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1917 OK 47, 162 P. 938, 63 Okla. 52, ADAMS v. ITEN BISCUIT CO.
Discussed
 2006 OK 81, 148 P.3d 874, CNA INSURANCE CO. v. ELLIS
Discussed
 2011 OK 81, 264 P.3d 1190, EVANS & ASSOC. UTILITY SERVICES v. ESPINOSA
Discussed
 2016 OK 41, 369 P.3d 1079, MAXWELL v. SPRINT PCS
Discussed
 2017 OK 72, 404 P.3d 863, GRAHAM v. D & K OILFIELD SERVICES
Discussed at Length
 2017 OK 78, 404 P.3d 44, GIBBY v. HOBBY LOBBY STORES INC.
Discussed at Length
 2018 OK 57, 423 P.3d 1119, HILL v. AMERICAN MEDICAL RESPONSE
Discussed
 2000 OK 68, 12 P.3d 452, 71 OBJ 2366, RIVAS v. PARKLAND MANOR
Discussed at Length
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 3, Repealed
Cited
 85 O.S. 22, Repealed
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 3, Applicability of Act
Cited
 85A O.S. 46, Permanent Partial Disability Compensation - Amputation - Loss of Vision - Loss of Hearing
Discussed
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA