OSCN Found Document:CANTWELL v. FLEX-N-GATE et al.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 CANTWELL v. FLEX-N-GATE et al.
2023 OK 116
Case Number: 120189; Companion w/ 120458, 1
Decided: 12/12/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 116, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

KEVIN CANTWELL, Petitioner,
v.
FLEX-N-GATE, HARTFORD ACCIDENT INDEMNITY CO., and THE WORKERS' COMPENSATION COMMISSION, Respondents,
and
KEVIN CANTWELL, Petitioner,
v.
FLEX-N-GATE, HARTFORD ACCIDENT INDEMNITY CO., and THE WORKERS' COMPENSATION COMMISSION, Respondents,
and
KEVIN CANTWELL, Petitioner,
v.
FLEX-N-GATE, HARTFORD ACCIDENT INDEMNITY CO., and THE WORKERS' COMPENSATION COMMISSION, Respondents.

MATTER PREVIOUSLY RETAINED FOR DISPOSITION

¶0 This appeal concerns the Workers' Compensation Commission's interpretation of 85A O.S. Supp. 2013, § 46(H). The Claimant was awarded permanent partial disability in three work related claims, but denied payment pursuant to the Commission's interpretation of Section 46(H). The Commission interpreted Section 46(H) to limit permanent partial disability benefits to 350 weeks, even though the claimant had not yet reached 100% impairment to any body part or the body as a whole. We retained the case for disposition and hold that the 100% limitation on PPD benefits, codified at 85A O.S. Supp. 2013, § 45(C)(1), controls over the number of weeks when awarding compensation for PPD where a claimant has compensable awards for job related injuries that occurred before and after February 1, 2014. We vacate the Commission's order in each case, and remand the cases for further proceedings consistent with this opinion.

OKLAHOMA WORKERS' COMPENSATION COMMISSION VACATED;
CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

T.R. Banks, Ada, Oklahoma, for Petitioner, Kevin Cantwell.

Bob Burke, Oklahoma City, Oklahoma, for Petitioner, Kevin Cantwell.

Steve Hanna, Testan Law, Oklahoma City, Oklahoma, for Respondent, Flex-N-Gate.

Gurich, J. 

¶1 Petitioner in this case, Kevin Cantwell, worked for Respondent, Flex-N-Gate, for 28 years. Throughout his employment with Respondent,[1] Cantwell suffered numerous work-related injuries. Prior to February 1, 2014, his claims for injuries were adjudicated by the judges of the Workers' Compensation Court. The statutory authority for the court system was found in Title 85.[2] He received awards for benefits, including permanent partial disability (PPD). In 2014, the Legislature repealed Title 85 and enacted Title 85A, the Administrative Workers' Compensation Act (AWCA).[3] Pursuant to Title 85A, the authority to adjudicate claims for injuries occurring after February 1, 2014, changed from a court of law to an administrative commission.[4] Members of the Workers' Compensation Court judiciary were replaced by administrative law judges (ALJ) and a three member Commission (Commission).[5]

¶2 Cantwell's injuries from 1992 to 2010 were governed by Title 85 of the Oklahoma Statutes. Title 85, Section 22(7), in effect at the time of claimant's injuries, provided:

Previous Disability. The fact that an employee has suffered previous disability or impairment or received compensation therefore shall not preclude the employee from compensation for a later accidental personal injury or occupational disease; but in determining compensation for the later accidental personal injury or occupational disease the employee's average weekly wages shall be such sum as will reasonably represent the employee's earning capacity at the time of the later accidental personal injury or occupational disease. In the event there exists a previous impairment, including a previous non-work-related injury or condition which produced permanent disability and the same is aggravated or accelerated by an accidental personal injury or occupational disease, compensation for permanent disability shall be only for such amount as was caused by such accidental personal injury or occupational disease and no additional compensation shall be allowed for the pre-existing disability or impairment. The sum of all permanent partial disability awards, excluding awards against the Multiple Injury Trust Fund and awards for amputations, and surgeries, shall not exceed one hundred percent (100%) permanent partial disability for any individual. An individual may not receive more than five hundred twenty (520) weeks' compensation for permanent partial disability, but may receive other benefits under the Workers' Compensation Act if otherwise eligible as provided in the Workers' Compensation Act.

85 O.S. Supp. 2010, § 22(7) (repealed by Laws 2011, SB 878, c. 318, § 87) (emphasis added). [6]

¶3 The AWCA specifically limits the applicability of the AWCA to claims arising on or after February 1, 2014, while leaving Title 85 to govern all claims that arose prior to February 1, 2014. 85A O.S. Supp. 2013, § 3(C)--(D).[7] The AWCA contains a 100% limitation on a claimant's cumulative PPD benefits, pursuant to Title 85A, Section 45(C)(1), which states:

A permanent partial disability award or combination of awards granted an injured worker may not exceed a permanent partial disability rating of one hundred percent (100%) to any body part or to the body as a whole. The determination of permanent partial disability shall be the responsibility of the Commission through its administrative law judges. Any claim by an employee for compensation for permanent partial disability must be supported by competent medical testimony of a medical doctor, osteopathic physician, or chiropractor, and shall be supported by objective medical findings, as defined in this act. The opinion of the physician shall include employee's percentage of permanent partial disability and whether or not the disability is job-related and caused by the accidental injury or occupational disease. A physician's opinion of the nature and extent of permanent partial disability to parts of the body other than scheduled members must be based solely on criteria established by the Sixth Edition of the American Medical Association's "Guides to the Evaluation of Permanent Impairment". A copy of any written evaluation shall be sent to both parties within seven (7) days of issuance. Medical opinions addressing compensability and permanent disability must be stated within a reasonable degree of medical certainty. Any party may submit the report of an evaluating physician.

85A O.S. Supp. 2013, § 45(C)(1) (emphasis added).

Section 46(H) of the AWCA also contains a limitation on PPD benefits, stating:

The sum of all permanent partial disability awards, excluding awards against the Multiple Injury Trust Fund, shall not exceed three hundred fifty (350) weeks.

85A O.S. Supp. 2013, § 46(H).

¶4 Cantwell filed three appeals with this Court relating to injuries occurring after the AWCA's effective date.[8] These three retained appeals address the Commission's application of Title 85A, Section 46(H). The Commission found that Section 46(H) limits an employee's award of permanent PPD benefits to 350 weeks, even though Cantwell has not yet reached 100% PPD to any body part or the body as a whole as allowed by Title 85A, Section 45(C)(1). We vacate the Commission's decision and remand for further proceedings consistent with this opinion.

Facts & Procedural History

¶5 While Cantwell was employed by Respondent, he suffered numerous work-related injuries and was awarded PPD. In 1992, Cantwell was awarded 11.5% PPD to his ears for hearing loss. In 2007, he was awarded 27% PPD to his foot. In 2009, he was awarded 30% PPD to his neck, 5% to his left shoulder, 4% to his left arm, 4% to his right arm, 5% to his right hand, 22% to his left hand, and permanent disfigurement of his right hip. In 2010, he was awarded 15% PPD to his knee. The parties stipulated that Cantwell was awarded 360 weeks of PPD benefits for those prior injuries. Cantwell asserts that his total PPD benefits received under Title 85 equal 71.3% impairment based on the 520 week cap that was in effect at the time of all prior work related injuries.

¶6 After the enactment of the AWCA in 2014, Cantwell sustained three more injuries. In all three cases, the ALJ awarded Cantwell PPD benefits but denied payment. The Commission affirmed the ALJ in each case, holding that Section 46(H) precluded Cantwell from receiving more than 350 weeks of PPD benefits. Cantwell appealed in each case, challenging the constitutionality of Title 85A, Section 46(H), as applied.

¶7 The first case stems from a workplace injury Cantwell sustained while working for Respondent on June 5, 2014. This injury was a single incident injury to his left hip and lower back that occurred while he was installing a hydraulic pump. On December 14, 2019, Cantwell filed a CC-Form 3 with the Commission. Respondent admitted the injury and Cantwell received temporary total disability (TTD) and medical benefits. Cantwell underwent three arthroscopic surgeries to repair the injury to his hip and, finally, a total hip replacement when all other treatment failed. On July 9, 2021, the ALJ issued an order finding that Cantwell sustained 6% PPD to the lumbar spine and 24% PPD to the left hip. Because Cantwell had previously received 360 weeks of PPD benefits, the ALJ found that the PPD award was not payable pursuant to Title 85A, Section 46(H), which limits the receipt of PPD benefits to 350 weeks. Cantwell appealed to the Commission, which affirmed the ALJ in an order dated January 28, 2022. On February 7, 2022, Cantwell appealed that decision to this Court in case number 120,189.

¶8 The second case stems from a workplace injury Cantwell sustained while working for Respondent on January 17, 2017. This injury was a single incident injury to his right hand that he sustained while tightening the springs on an overhead door when a wrench twisted and hit him, breaking his wrist. Cantwell filed a CC-Form 3 on August 1, 2017. Respondent admitted the injury to the right hand, but denied all other injuries. Surgery and TTD benefits were eventually provided. In an order dated July 23, 2021, the ALJ awarded 22% PPD to Cantwell's right hand, which equated to an award of $15,633.20. Again, the ALJ found that this sum was not payable to Cantwell because of the limitation on weeks in Section 46(H). Cantwell appealed to the Commission, which affirmed the ALJ in an order dated May 23, 2022. On May 31, 2022, Cantwell appealed that decision to this Court in case number 120,458.

¶9 The third case stems from a workplace injury Cantwell sustained while working for Respondent on July 27, 2015. This injury was a single incident injury followed by cumulative trauma, aggravation, and injury with a date of awareness of March 10, 2016, and last date of exposure of February 7, 2018. Cantwell sustained the injury while pulling on an impact wrench as he was laying under a mold. Cantwell filed his first CC-Form 3 on July 26, 2016. Respondent admitted the 2015 neck injury, but denied cumulative trauma. Prior to surgery, Cantwell tried other remedies--physical therapy and cervical epidural steroid injections--which only provided short-lived relief. Reasonable medical care, including surgery, was ordered by the ALJ on May 18, 2018, and affirmed by the Commission on September 21, 2018. An order awarding PPD was entered by the ALJ on July 23, 2018. Though Cantwell had received a PPD award in 2010 for this same area, the ALJ awarded Cantwell an additional 15% PPD over and above the 2010 award. The ALJ stated that this amounted to $16,957.50, but once more stated that the sum was not payable due to Section 46(H)'s limitation. Cantwell appealed to the Commission, which affirmed the ALJ in an order dated May 23, 2022. On May 31, 2022, Cantwell appealed that decision to this Court in case number 120,460.

Standard of Review

¶10 Pursuant to Title 85A, Section 78(C):

The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative, and substantial competent evidence;

6. Arbitrary or capricious;

7. Procured by fraud; or

8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2019, § 78(C). This case does not present a question of disputed fact, but rather addresses only the interpretation of Section 46(H) of the AWCA. The Court reviews issues of statutory interpretation de novo. Maxwell v. Sprint PCS, 2016 OK 41, ¶ 4, 369 P.3d 1079, 1083. Such review is plenary, independent, and non-deferential. Id. We are also mindful of the precedent of this Court that we will adopt a construction that upholds the statute, unless the repugnancy to the constitution is shown beyond a reasonable doubt. Schlumberger Technology Corp. v. Paredes, 2023 OK 42, ¶ 15, 528 P.3d 772, 778 (citation omitted).

Analysis

¶11 The issue before this Court is whether Section 46(H) may limit a claimant's receipt of PPD benefits to not more than 350 weeks when the claimant: (1) was awarded PPD benefits prior to the enactment of the AWCA and was paid compensation for 360 weeks of benefits; and (2) had not reached 100% impairment to any body part or the body as a whole prior to the enactment of the AWCA.

¶12 In the present case, the Commission ignored the provision in Title 85A, Section 45(C)(1) and interpreted Section 46(H) to limit Cantwell's PPD benefits to 350 weeks, even though he had not yet reached 100% impairment to any body part or body as a whole. Cantwell argues that because the AWCA only applies to claims for injuries which occur after February 1, 2014, the Commission has no jurisdiction to interpret or change in any way the awards of PPD to Petitioner in cases from accidents before February 1, 2014. By applying the 350 week limitation in Section 46(H) without regard to Section 45(C)(1), Cantwell argues that the percentage of PPD that he is entitled to receive is diminished and is unconstitutional as applied in this case. Cantwell brings this challenge pursuant to the following provisions of the Oklahoma Constitution: Article II, Section 6; Article II, Section 7; and Article V, Section 54 of the Oklahoma Constitution. Article II, Section 6 guarantees Oklahomans a right to a remedy, stating:

The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

Okla. Const. art. II, § 6. Article II, Section 7 is the due process clause of the Oklahoma Constitution, which states: "No person shall be deprived of life, liberty, or property, without due process of law." Okla. Const. art. II, § 7. Section 54 of Article V addresses the repeal of statutes, stating:

The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.

Okla. Const. art. V, § 54.

¶13 This Court has recognized that the Legislature may alter Workers' Compensation benefits by stating:

There is little doubt that a state legislature may alter private contractual rights of employers and employees when it properly exercises its police power in creating a particular workers' compensation law, or that the workers' compensation laws, by themselves, have been considered by courts as a legitimate State interest since the compensation laws were first created.

Torres v. Seaboard Foods, LLC, 2016 OK 20, ¶ 30, 373 P.3d 1057, 1073. However, it is also clear that a State's legitimate interests in regulating business practices does not exempt it from the requirements of substantive due process. Id. ¶ 36, 373 P.3d at 1076. In examining these cases, the Court must weigh these rights and construe and apply the statute "in a manner that avoids conflict with our Constitution and give[s] the enactment the force of law." Id. ¶ 17, 373 P.3d at 1066--67.

¶14 Recognizing that the Legislature has used its power several times over the years to alter the limitations placed on PPD benefits, we must review the history of workers' compensation law in Oklahoma to understand the changes that have been made. Title 85, as amended in 1978, had no limitation on cumulative PPD benefits.[9] Prior to its amendment in 1994, Title 85, Section 22(7) stated:

Previous Disability. The fact that an employee has suffered previous disability or impairment or received compensation therefor shall not preclude him from compensation for a later accidental personal injury or occupational disease; but in determining compensation for the later accidental personal injury or occupational disease his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later accidental personal injury or occupational disease. In the event there exists a previous impairment which produced permanent disability and the same is aggravated or accelerated by an accidental personal injury or occupational disease, compensation for permanent disability shall be only for such amount as was caused by such accidental personal injury or occupational disease and no additional compensation shall be allowed for the pre-existing disability or impairment.

85 O.S. Supp. 1994, § 22(7), amended by Laws 1993, HB 1447, c. 349, § 10. ¶ 15 Effective November 4, 1994, however, Section 22(7) was amended to cap PPD benefits, stating:

Previous Disability. The fact that an employee has suffered previous disability or impairment or received compensation therefor shall not preclude him from compensation for a later accidental personal injury or occupational disease; but in determining compensation for the later accidental personal injury or occupational disease his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later accidental personal injury or occupational disease. In the event there exists a previous impairment which produced permanent disability and the same is aggravated or accelerated by an accidental personal injury or occupational disease, compensation for permanent disability shall be only for such amount as was caused by such accidental personal injury or occupational disease and no additional compensation shall be allowed for the pre-existing disability or impairment. The sum of all permanent partial disability awards, including awards against the Special Indemnity fund, shall not exceed one hundred percent (100%) permanent partial impairment for any individual. An individual may not receive more than five hundred twenty (520) weeks' compensation for permanent partial disability, but may receive other benefits under the Workers' Compensation Act if otherwise eligible as provided in the Workers' Compensation Act.

85 O.S. Supp. 1995, § 22(7), amended by Laws 1994, 2nd Extr. Sess., HB 1002, c. 1, § 28 (emphasis added). The 520 week cap remained consistent until the AWCA was enacted in 2014. At that time, the cap was reduced to 350 weeks in Section 46(H), but the language limiting PPD awards to 100% [in Section 45(C)(1)] remained. 85A O.S. Supp. 2013, § 45(C)(1); 85A O.S. Supp. 2013, § 46(H).

¶16 Cantwell argues that he entitled to receive monetary PPD benefits from his recent adjudications because he has not reached 100% impairment. He argues that because he had only been adjudicated 71.3% impaired, he is still entitled to PPD compensation for the additional 28.7%.[10] Respondent argues that the issues raised by Cantwell have already been addressed by this Court in Rivas v. Parkland Manor, 2000 OK 68, 12 P.3d 452. Respondent also argues that the Commission did not deprive Cantwell of a vested interest in violation of due process because Cantwell's interest in the award of PPD did not vest until the time of his injury--after the AWCA was enacted, which limited PPD benefits to 350 weeks. Though our Court has previously considered a cap on maximum PPD benefits, in Rivas and other cases, the challenge presented in this case is one of first impression. The challenge presented here is how to reconcile a reduction in allowable weeks with no reduction in the allowable percentage of impairment. 

¶17 In Rivas, the claimant was injured in January of 1997, during his employment at Parkland Manor. Id. ¶ 2, 12 P.3d at 454. At the time of the claimant's latest injury, Rivas had already received compensation for PPD adjudications totaling 99.85%. Id. ¶ 2, 12 P.3d at 454. Due to the amendment to Section 22(7) in 1994, two caps on PPD benefits were adopted--one measured in cumulative weeks (with a 520 week maximum) and the other stated as a percentage of impairment (with a maximum impairment of 100% to any body part or the body as a whole). Id. ¶ 3, 12 P.3d at 454. Though the trial court found that the claimant suffered 30% PPD to the body as a whole, it limited the claimant's compensation award to 0.15% PPD, the difference between the statutory maximum of 100% and the claimant's prior awards totaling 99.85%. Id. The claimant appealed to the three judge en banc panel of the Workers' Compensation Court, arguing that the trial court's application of Section 22(7): (1) violated the claimant's right to equal protection and (2) violated Oklahoma Constitution Article V, Section 54 and Article II, Section 6. Id. ¶ 4, 12 P.3d at 454--55. The three judge panel upheld the trial court's ruling. Id. The claimant appealed the decision to COCA who reversed. Id. ¶ 5, 12 P.3d at 455.

¶18 On certiorari review, the Oklahoma Supreme Court determined that Section 22(7) was constitutional. Id. ¶ 25, 12 P.3d at 459. In considering the equal protection challenge, the Court stated that "legislation may draw certain classifications among individuals or groups of individuals, if those classifications are not arbitrary and capricious and bear some reasonable or rational relationship to a permissible public policy or goals." Id. ¶ 8, 12 P.3d at 456 (citation omitted). The Court--focusing on the 100% limitation--found that while Section 22(7) drew a distinction between two classes of people, that distinction was constitutional because the statute bore a reasonable relationship to the goals of the Workers' Compensation Act by limiting monetary exposure for employers and was applied evenhandedly to all claimants.[11] Id. ¶¶ 9, 13, 14, 12 P.3d at 456--57 (emphasis added). It was applied evenhandedly because all workers covered under the WCA were subject to the same 100% PPD limitation. Id. ¶ 14, 12 P.3d at 457.

¶19 In addressing the argument that Section 22(7) violated Article V, Section 54, which prohibits the retroactive application of laws affecting substantive rights, the Court found that the claimant did not have a vested right to the more liberal remedy under the previous statute. Id. ¶ 24, 12 P.3d at 458. This was because the claimant did not acquire a vested right to a remedy for a cause of action until the cause of action accrues, in this case January of 1997. Id. ¶ 23, 12 P.3d at 458. Therefore, the Court concluded that the 100% limitation on PPD was constitutional. Id. ¶ 25, 12 P.3d at 459.

¶20 In Evans & Assoc. Utility Services v. Espinosa, 2011 OK 81, 264 P.3d 1190, the Court noted that following the decision in Rivas, the Legislature amended Section 22(7) at the next legislative session. The Legislature added language that expanded the benefits available because the calculation of the 520 maximum weeks for all PPD awards (which was still limited to 100%) excluded awards against the Multiple Injury Trust Fund as well as awards for surgeries and amputations. In Evans, the COCA interpreted the revised Section 22(7) to mean that an employee could receive either a total of 100% impairment, after excluding awards from the Multiple Injury Trust Fund and awards for amputations and surgeries, or 520 weeks of PPD benefits without such exclusions. Id. ¶ 11, 264 P.3d at 1194. This decision conflicted with another COCA division's opinion, so the Court was asked to resolve the conflict. Id. Writing for the Court, Justice Kauger determined that the sum of all PPD awards is limited to a total of 100% or 520 weeks, but under the terms of the statute, all awards against the Multiple Injury Trust Fund or awards for amputations or surgeries were excluded from both limitations. Id. ¶ 20, 264 P.3d at 1196.

¶21 Cantwell argues that he is deprived of a substantive right to compensation if his latest injuries are excluded from the computation of 100% impairment. Cole v. Silverado Foods, Inc., 2003 OK 81, 78 P.3d 542, is instructive in determining whether Cantwell's asserted right is substantive. In Cole, while the claim was pending final resolution, the Legislature shortened the time period for requesting adjudication from five years to three years. Id. ¶ 1, 78 P.3d at 544. The employer sought dismissal because claimant waited four years to seek a PPD hearing. Id. ¶ 2--3, 78 P.3d at 544. Claimant was awarded PPD benefits, but on appeal, the three-judge panel vacated her award. Id. ¶ 3, 78 P.3d at 544. Claimant challenged the decision of the three-judge panel in its retrospective application of Title 85, Section 43(B), which limited the time that a claimant had to press for resolution of compensation claims. Id. ¶ 1, 78 P.3d at 544. COCA reversed and reinstated the trial judge's award. Id. ¶ 3, 78 P.3d at 544--45. On certiorari review, Vice Chief Justice Opala, writing for the majority, determined that the right of an employee to compensation arises from the relationship of the parties on the date of the injury, and the statute in effect at that time determines the substantive rights and obligations of the parties. Id. ¶ 7, 78 P.3d at 546. Cole also recognized that pursuant to Article V, Section 54 of the Oklahoma Constitution, no subsequent amendments could affect a claimant's substantive rights. Id. The Court explained what affects substantive rights by stating: "After-enacted legislation that increases or diminishes the amount of recoverable compensation or alters the elements of the claim or defense by imposition of new conditions affects the parties' substantive rights and liabilities." Id. ¶ 15, 78 P.3d at 548. The Court found that the after-enacted legislative amendments affected the claimant's amount of recoverable benefits and would subject a claim to a liability-defeating defense that is more potent than that which was in effect when the claim was filed." Id. ¶ 16, 78 P.3d at 549. Therefore, the statute operated on substantive rights and was not subject to retroactive application. Id.

¶22 Pursuant to the AWCA, PPD shall be stated in terms of a percentage, not weeks.[12] Weeks are used to determine the value of the benefit based on a baseline 100% impairment. The maximum percentage of impairment--100%--has remained the consistent limitation on PPD, despite the fluctuation in the maximum allowable number of weeks. At first, there was no weekly limitation. Then, a 520 week maximum was implemented. Next, the maximum number of weeks decreased from 520 to 350. Now, during the pendency of this appeal, the maximum number of weeks has increased to 360.[13] Respondent asks that we disregard the consistent 100% limitation in favor of the inconsistent weekly limitation. If we take this position, Cantwell would not be subject to the 100% limitation equally applicable to all claimants that Rivas found constitutionally permissible. Instead, Cantwell would be limited to 71.3% despite the stated cap of 100% in both Title 85 and AWCA.[14] This interpretation is constitutionally impermissible.

¶23 Further, "[a]ll aspects of the adjudication of claims for injuries occurring prior to February 1, 2014, are governed by the law in effect at the time of the injury." Carlock v. Workers' Compensation Comm'n, 2014 OK 29, ¶ 2, 324 P.3d 408; 85A O.S. Supp. 2014, § 400(L)--(N).[15] For injuries occurring after February 1, 2014, the AWCA is controlling. Under both Title 85 and the AWCA, Cantwell is entitled to 100% impairment to any body part or the body as a whole. Here, the after-enacted legislative limitation in Section 46(H) construed without consideration of Section 45(C)(1), subjects Cantwell's claim to the liability-defeating defense that his right to PPD is limited solely by weeks rather than the 100% PPD limitation. Cantwell has a substantive right to 100% PPD.

¶24 In Schlumberger Technology Corp. v. Paredes, 2023 OK 42, ¶ 15, 528 P.3d 772, 778, we stated: "This Court's precedent directs that where there are two possible interpretations in the construction of a statute, one of which would render the statute unconstitutional, the Court should adopt the construction which upholds the statute, unless the repugnancy to the constitution is shown beyond a reasonable doubt." (citation omitted). If we were to uphold the Commission's application of Section 46(H) in this case, relying only on the weekly cap on PPD benefits and disregarding the 100% requirement of 45(C)(1), it would affect Cantwell's substantive right. Such application would be a retroactive application of a law affecting a substantive right and would violate Article V, Section 54 of the Oklahoma Constitution prohibiting such application.[16] If, however, we hold that all claimants must be subject to the same 100% limitation on PPD, and that 100% controls over weeks when a claimant has received a compensable award under both Title 85 and Title 85A, we are able to construe these two statutes together in order to avoid constitutional infirmity. As it is our duty to avoid such infirmity, we adopt this construction.

Conclusion

¶25 Throughout the past 30 years, the 100% limitation on PPD benefits has been the floor for payment of PPD benefits and has remained the same for every claimant. In this case, the Commission's application of Section 46(H), without consideration of Section 45(C)(1), capped Cantwell's benefits at the amount he had previously received, a total of 71.3%. The Commission's retroactive application of Section 46(H) affects Cantwell's substantive right to 100% impairment under both Title 85 and the AWCA. If upheld, this application of Section 46(H) violates Article V, Section 54 of the Oklahoma Constitution. To avoid constitutional infirmity, we hold that the 100% limitation on PPD benefits controls over the number of weeks when awarding compensation for PPD where a claimant has both compensable awards for job related injuries that occurred prior to February 1, 2014 and compensable awards for job related injuries occurring after February 1, 2014.

OKLAHOMA WORKERS' COMPENSATION COMMISSION VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

KAUGER, EDMONDSON, COMBS, GURICH, and DARBY, JJ., CONCUR.

KANE, C.J., ROWE, V.C.J., KUEHN, J. (by separate writing), and GOREE, S.J., DISSENT.

WINCHESTER, J., RECUSED.

FOOTNOTES

[1] Though Flex-N-Gate was self-insured at the time each claim was filed, the employer obtained coverage from the Hartford Accident and Indemnity Co. while Cantwell's claims were pending before the Commission. As both of Flex-N-Gate and Hartford Accident and Indemnity Co. are named Respondents, are represented by the same counsel, and their interests are aligned, for the purposes of this opinion, where arguments are made by Flex-N-Gate as Respondent, it also necessarily includes Hartford Accident and Indemnity Co.

[2] First, 85 O.S. Supp. 2010, § 1.2 conveyed the statutory authority for the Workers' Compensation Court. Section 1.2 was repealed in 2011, and it was replaced by 85 O.S.2011, § 303. Section 303 was repealed in 2014 when the Workers' Compensation Court was dissolved pursuant to 85A O.S. Supp. 2013, § 400.

[3] 85A O.S. Supp. 2013, § 1 et seq.

[4] 85A O.S. Supp. 2013, § 27.

[5] Id.

[6] In 2011, the Workers' Compensation Act was repealed, re-enacted and renumbered as the Workers' Compensation Code, but was still found in Title 85. At that time, Section 22(7) was renumbered as Section 333.

[7] 85A O.S. Supp. 2013, § 3(C) states: "The Administrative Workers' Compensation Act shall apply only to claims for injuries and death based on accidents which occur on or after February 1, 2014." 85A O.S. Supp. 2013, § 3(D) states: "The Workers' Compensation Code in effect before February 1, 2014, shall govern all rights in respect to claims for injuries and death based on accidents occurring before February 1, 2014."

[8] The Respondent did not appeal the percentages awarded by the ALJ in each of the three cases. The awards in each of the three cases are not disturbed on appeal, only the application of Section 46(H) to defeat payment of PPD benefits to Cantwell.

[9] See, Williamson v. Weyerhaeuser Corp., 1984 OK CIV APP 47, 695 P.2d 890, for a discussion of pre-1978 limitations on PPD awards.

[10] Notably, Cantwell does not assert that the AWCA offers the injured worker the right to seek an additional 100% PPD regardless of the amount of PPD received as a result of injuries sustained under Title 85. The COCA considered and rejected that proposal in Feeler v. City of Tulsa, 2021 OK CIV APP 45, 503 P.3d 430. The award and payment of PPD benefits was affirmed on appeal. Here, Cantwell is awarded PPD in each case but is paid nothing. However, to the extent Feeler conflicts with the decision in the case at bar, it is overruled.

[11] The opinion did not discuss whether Rivas had reached the 520 week limitation, nor was there any calculation as to how many weeks of PPD benefits Rivas had already been awarded.

[12] Title 85A, Section 45(C)(1) provides:

Any claim by an employee for compensation for permanent partial disability must be supported by competent medical testimony of a medical doctor, osteopathic physician, or chiropractor, and shall be supported by objective medical findings, as defined in this act. The opinion of the physician shall include employee's percentage of permanent partial disability and whether or not the disability is job-related and caused by the accidental injury or occupational disease.

85A O.S. Supp. 2019, 45(C)(1) (emphasis added).

[13] 85A O.S. Supp. 2019, § 45(C)(4).

[14] Cantwell's PPD awards in these three cases exceed 28.6%, so he would not receive the value of the awards in all 3 cases, but would rather be subject to the 100% whole body impairment limitation.

[15] The 2014 version of Title 85A, Section 400(L)--(M) states:

L. For an injury occurring before the effective date of this act, all benefits and procedures to obtain benefits shall be determined by the workers' compensation law of this state in effect on the date of the injury. Administrative law judges of the Commission shall enforce all final orders of the Workers' Compensation Court in a manner to secure for all parties the due process and equal protection guarantees of the Constitution of the State of Oklahoma.

M. All accrued rights and penalties incurred pursuant to a final order of the Workers' Compensation Court shall be preserved. Administrative law judges of the Commission shall be authorized to issue orders and conduct legal proceedings to enforce all such accrued rights and penalties incurred. No accrued right, penalty incurred, or proceeding begun by virtue of a statute repealed by this act shall be abrogated by the terms of this act.

85A O.S. Supp. 2014, § 400(L)--(M) (emphasis added).

Section 400(N), which was amended in 2019, states:

N. For an injury occurring before February 1, 2014, all benefits and procedures to obtain benefits shall be determined by the workers' compensation law of this state in effect on the date of the injury. 85A O.S. Supp. 2019, § 400(N) (emphasis added).

The amendments in 2021 did not change this provision.

[16] Because we decide this case pursuant to Article 5, Section 54, we do not address the other constitutional arguments asserted by Cantwell.

 

 

KUEHN, J., with whom KANE, C.J., and ROWE, V.C.J., join DISSENTING:

¶1 I disagree with the Majority's interpretation of the interplay between the provisions of the workers' compensation statutes. Everyone agrees that Petitioner's injuries in this case all occurred after Title 85A was enacted in 2013. For this reason, I believe the Title 85A provisions apply. The Majority's holding is based on the idea that the disability percentage and weeks of benefits limitation provisions of Sections 45(C)(1) and 46(H) of Title 85A cannot be read together while giving full effect to each. I disagree.

¶2 Specifically, the Majority holds that until Petitioner reaches 100% permanent partial disability (PPD), the statutory limitation on how many weeks of benefits he may receive does not apply. That is, the Majority reconciles the statutes by disregarding one of the provisions. I don't believe that is what the Legislature intended.

¶3 In 2013, the Legislature significantly revised the entire workers' compensation scheme. As the Majority says, Title 85 (the previous statutes) and Title 85A (the Administrative Workers' Compensation Act, currently in effect) each provide that permanent partial disability awards will not exceed one hundred percent (100%) permanent partial disability for any individual claimant. 85 O.S. Supp.2010, § 22(7) ("the sum" of all awards to any claimant); 85A O.S. Supp.2013, § 45(C)(1) (a claimant's PPD award "or combination of awards"). That is, the 100% PPD requirement operates as a ceiling; a claimant cannot be paid benefits for more than a 100% PPD rating. Both statutes limit payment of PPD benefits to a certain number of weeks. Before 2013, Title 85 capped them at 520 weeks; at the time of Petitioner's injuries, the cap was 350 weeks. 85 O.S. Supp.2010, § 22(7); 85A O.S. Supp.2013, § 45(C)(4).

¶4 When the Legislature replaced Title 85 with Title 85A, it did not intend for a claimant's disability percentage or weeks of benefits calculations to start over. "In the event there exists a previous permanent partial disability.... compensation for permanent partial disability shall be only for such amount as was caused by such accidental personal injury or occupational disease and no additional compensation shall be allowed for the pre-existing disability or impairment." 85A O.S. Supp.2013, § 45(C)(6). The statute also provided that, if a claimant had a previous award of workers' compensation benefits, the percentage basis of that award conclusively established the amount of preexisting PPD. 85A O.S.Supp.2013, § 45(C)(6)(a).

¶5 Since Title 85A was newly enacted, any "previous award" must have been granted under the old statute, Title 85. And in enacting the Title 85A weeks of benefits cap, the Legislature provided, "The sum of all permanent partial disability awards...shall not exceed three hundred fifty (350) weeks." 85A O.S.Supp.2013, § 46(H) (emphasis added). That is, the weeks of benefits calculation did not start from zero for injuries incurred after 2013. The parties stipulated that between 1992 and 2010, Petitioner was awarded 71.3% PPD, and that he was paid 360 weeks of benefits. Thus, when Petitioner made the claims at issue here, he did not start with a clean slate.

¶6 The plain language of Sections 45(C) and 46(H) of Title 85A, read together, provide that Petitioner may receive PPD awards until he reaches a 100% PPD rating, but may not be paid benefits for more than 350 weeks. It is undisputed that, while he had not yet reached a 100% PPD rating, Petitioner had already been paid for 360 weeks of benefits before he filed for compensation for these injuries. That exceeded the weeks allowed under Title 85A. Period. The administrative law judge and Worker's Compensation Commission recognized that the statutory limitation was met, and they were without authority to pay Petitioner further benefits.

¶7 But the Majority does not give effect to the new benefits limitations which are an integral part of Title 85A. Instead, the Majority assumes without attribution that the 100% PPD clause is not a ceiling, but a floor. That is, until any claimant has been declared 100% PPD, the Majority holds that there is no limit on the weeks of benefits he may receive. This is not supported by the plain language of the statute, which clearly says any PPD award "may not exceed" a 100% PPD rating. 85A O.S.Supp.2013, § 45(C)(1). It is also inconsistent with the Workers' Compensation Commission's own practice around PPD awards. The Commission provides a standard estimated benefits computation chart showing the weeks and benefit amount for percentages of PPD from one percent to 100%, as determined by a doctor. According to the chart, 100% PPD is the maximum percentage that can be awarded, and weeks of benefits are counted starting at one percent PPD. Clearly, in practice, a claimant does not have to reach 100% PPD to trigger the Section 46(H) weeks of benefits limitation.

¶8 The Majority's interpretation of the interplay between Sections 45 and 46 of Title 85A has no support in the language or the law. The Majority justifies this by declaring that without this interpretation, the statute must be held unconstitutional. The Majority creates a statutory conflict and rewrites the statutes in favor of Petitioner, under the pretense that this will avoid a constitutional issue that does not exist. In doing so, the Majority says that the Section 46(H) weeks cap cannot be applied to Petitioner because it is an after-enacted statute, but it is not.

¶9 As the Majority explains, a claimant's right to compensation is governed by the law in effect at the time of his injury, because that law "determines the substantive rights and obligations of the parties." Cole v. Silverado Foods, Inc., 2003 OK 81, ¶ 7, 78 P.3d 542, 546. [Majority Op. ¶ 21] And, we cannot retroactively apply a subsequent statutory amendment which diminishes the amount of benefits that may be paid. Id. But by this definition Section 46(H) is not after-enacted. Everyone agrees that Petitioner's injuries in these cases were after 2013, Section 46(H) was already in place, and it applies to him. Everyone agrees Petitioner had vested rights under Title 85 and received benefits under those rights. Everyone also agrees that he had vested rights under Title 85A, and that he is entitled to compensation for these injuries under those vested rights to the extent the statute allows him to be paid benefits. This is a textbook example of applying the statute in effect at the time of the injury.

¶10 The Majority apparently believes Section 46(H) should be treated as after-enacted because its weeks of benefits provision is smaller than the 520 weeks available under Title 85. The Majority does not fully distinguish between applying the 350-week cap to injuries occurring before 2013 -- which would be retroactive and improper -- and applying it to injuries occurring after 2013. Rather, it appears to argue that any weeks of benefits paid under the terms of the former statute in Title 85 simply do not exist for purposes of the current award calculation. That is, the Majority doesn't complain that the current 350-week cap is being applied retroactively; it may instead be suggesting that the previous statute's 520-week cap should carry forward and be applied to the current claims. Whatever that is, it isn't a retroactive application of an after-enacted statute. The Majority suggests that Petitioner's 360 previously paid weeks of benefits from his previous injuries, all under Title 85, cannot be counted towards the limitation of benefits in Section 46(H). But the language in Section 46(H), "the sum of all permanent partial disability awards," clearly states that we can consider Petitioner's previous awards, and in fact we must. 85A O.S.Supp.2013, § 46(H).

¶11 Section 46(A) is not after-enacted and its application here is not unconstitutional. There is no support in statute or case law to require a claimant to reach 100% PPD before benefits may be limited by weeks paid. There is no need to reconcile the provisions of Sections 45(C) and 46(H), which complement one another. In enacting Title 85A the Legislature chose to put significant limitations on any claimant's ability to receive permanent partial disability awards. These include the requirement that nobody may receive benefits who is more than 100% PPD, and that in any event, in Petitioner's circumstances, no benefits may be paid for any percentage of PPD for more than 350 weeks, including any weeks of benefits which he may already have received. I recognize that these limitations may, as here, result in harsh consequences in individual cases. But where the legislative language is clear -- as it is here -- it is not this Court's job to parse the statutes to escape those consequences. I dissent.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
2003 OK CR 20, 78 P.3d 549, 
FENIMORE v. STATE
Cited

Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2021 OK CIV APP 45, 503 P.3d 430, 
FEELER v. CITY OF TULSA
Discussed

 
1984 OK CIV APP 47, 695 P.2d 890, 55 OBJ 2072, 
Williamson v. Weyerhaeuser Corp.
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2003 OK 81, 78 P.3d 542, 
COLE v. SILVERADO FOODS, INC.
Discussed at Length

 
2011 OK 81, 264 P.3d 1190, 
EVANS & ASSOC. UTILITY SERVICES v. ESPINOSA
Discussed

 
2014 OK 29, 324 P.3d 408, 
CARLOCK v. WORKERS' COMPENSATION COMMISSION
Discussed

 
2016 OK 20, 373 P.3d 1057, 
TORRES v. SEABOARD FOODS, LLC
Discussed

 
2016 OK 41, 369 P.3d 1079, 
MAXWELL v. SPRINT PCS
Discussed

 
2023 OK 42, 528 P.3d 772, 
SCHLUMBERGER TECHNOLOGY CORP. v. PAREDES
Discussed at Length

 
2000 OK 68, 12 P.3d 452, 71 OBJ 2366, 
RIVAS v. PARKLAND MANOR
Discussed

 
2000 OK 71, 12 P.3d 459, 71 OBJ 2388, 
BISHOP v. TAKATA CORP.
Discussed

Title 85. Workers' Compensation

 
Cite
Name
Level

 
85 O.S. 303, 
Repealed
Cited

 
85 O.S. 1.2, 
Repealed
Cited

 
85 O.S. 22, 
Repealed
Discussed at Length

Title 85A. Workers' Compensation

 
Cite
Name
Level

 
85A O.S. 1, 
Short Title
Cited

 
85A O.S. 3, 
Applicability of Act
Discussed at Length

 
85A O.S. 27, 
Workers' Compensation Commission - Administrative Law Judges - Powers - Duties
Cited

 
85A O.S. 45, 
Compensation Rates - Temporary Total Disability - Temporary Partial Disability - Permanent Partial Disability - Permanent Total Disability - Vocational Rehabilitation - Disfigurement
Discussed at Length

 
85A O.S. 46, 
Permanent Partial Disability Compensation - Amputation - Loss of Vision - Loss of Hearing
Discussed at Length

 
85A O.S. 78, 
Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited

 
85A O.S. 400, 
Dissolution of the Workers' Compensation Court
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA